Bernice COUCH et vir, Appellants,

v.

GULF, COLORADO & SANTA FE RY. CO., Appellee.

No. 15147.

Court of Civil Appeals of Texas.

Dallas.

July 6, 1956.

Rehearing Denied Aug. 3, 1956.

Thompson, Coe & Cousins and Robert W. Porter, Dallas, for appellants.

Burford, Ryburn, Hincks & Ford, Clarence A. Guittard, and H. Sam Davis, Jr., Dallas, and Wigley, McLeod, Mills & Shirley, Galveston, for appellee.

DIXON, Chief Justice.

This appeal is similar to Cause No. 15,136, Ullman Estate v. Gulf, Colorado & Santa Fe Ry. Co., 292 S.W.2d 897. The two may be considered companion cases.

Appellee Gulf, Colorado & Santa Fe Railway Company instituted proceedings against Bernice Couch and her husband S. C. Couch to condemn 1.62 acres of farm land owned by Mrs. Couch. A judgment was entered awarding appellants $4,860 for the land taken.

Appellants present ten points on appeal in which they assert that the court erred (1) in paying each of the commissioners a fee of $50 for his services; (2) in failing to hold that Bernice Couch was not served with notice as required by law; (3) in failing to hold that due and proper return of notices was not made; (4) in failing to hold that notices were not filed in time; (5) in failing to hold that all costs were not paid as required by law; (6) in failing to hold that all costs were not assessed as required by law; (7) in proceeding with trial in spite of the fact that the two condemnation hearings were held simultaneously before the special commissioners; (8) in proceeding to trial in spite of many failures to follow the condemnation statutes; (9) in entering a judgment against the preponderance of the evidence; and (10) in overruling appellants' objection to evidence of the amount paid by appellants for their property more than two years prior to condemnation.

The record shows that both Bernice Couch and her husband were present at the hearing before the commissioners held January 28, 1955, examined witnesses, and themselves made statements concerning the value of their land and damages suffered by condemnation. They objected to the commissioners' award and appealed to the County Court for a trial de novo. At the trial in County Court they appeared and testified. Mrs. Couch cross-examined one of the witnesses.

The first six of appellants' points on appeal and their eighth point present questions that were raised on the appeal in the Ullman Estate case. The facts here on these points are similar to the facts pertaining to the first seven points in the Ullman Estate case, except that in this case appellants did not know of the amount of compensation paid the commissioners until after the commissioners had made their award. Under the circumstances we see no need to repeat our discussion of the same questions in this case. For the reasons given for overruling the first seven points on appeal in the Ullman Estate case, we overrule appellants' first six points and their eighth point on this appeal.

In their seventh point on appeal appellants complain that two condemnation hearings were held simultaneously be-

fore the special commissioners. Both appellants were present at the hearing. Mrs. Couch, who was acting as spokesman for both, in agreeing to hear the two matters simultaneously, said: "It is perfectly all right. I definitely understand that a lot of this testimony, as we are all adjoining, is going to work in and tie in together * * *." We hold that appellants waived any objection they might have had to the simultaneous hearings. Their eighth point is overruled.

In their ninth point appellants say that the judgment is so against the preponderance of the evidence as to show bias and prejudice on the part of the jury, and the judgment is not sustained by the evidence.

Each side presented one expert witness. Appellants' witness, B. B. Lair, testified the property was worth $5,000 to $6,000 before the taking, that a one-acre triangle on the north side would be worth only 30% of its former value, and that the remaining 59 acres had been damaged at least $1,000 per acre by the taking. Appellee's expert witness testified that the 1.62-acre tract was worth $3,000 per acre at the time of the taking, and that the value of the remaining land was not affected by the taking—it was still worth $3,000 per acre after the taking. The jury found that the 1.62 acres of land was worth $4,860 at the time of the taking and that the remainder of the land was worth $173,991 before the taking and the same amount after the taking. It is evident that the jury believed the testimony of appellee's witness, and they were entitled to do so. Appellants' ninth point is overruled.

In their tenth point appellants complain because the court admitted testimony to show that appellants had acquired their land in December 1952 for $1,000 per acre. We think that the testimony was admissible. It was not too remote in point of time to be considered in the light of a comparable sale. Joyce v. Dallas County, Tex.Civ.App., 141 S.W.2d 745; Curfman v. State, Tex.Civ.App., 240 S.W.2d 482.

However, if it be considered error to admit the testimony, we do not believe that it was calculated to cause or did cause the rendition of an improper judgment in the case. It is to be observed that the jury found the value of the land on February 18, 1955, to be $3,000 per acre—three times the amount appellants paid for it in December 1952. Even if we were to hold that the evidence was improper, it would not furnish a basis for a reversal of the judgment under the circumstances. Rules 434 and 503, Texas Rules of Civil Procedure. Appellants' tenth point is overruled.

The judgment of the trial court is affirmed.