Joe MENCHACA, Appellant,

v.

**SAN ANTONIO INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 3411.

Court of Civil Appeals of Texas.

Waco.

Dec. 13, 1956.

Rehearing Denied Jan. 10, 1957.

Marvin Reynolds, San Antonio, for appellant.

Davis, Clemens, Knight & Weiss, San Antonio, for appellee.

TIREY, Justice.

This is a condemnation suit. The court submitted one issue: "From a preponderance of the evidence, what do you find was the fair, cash market value of Lots 21 and 22, Block 6, NCB 2406, condemned by plaintiff San Antonio Independent School District on January 13, 1956", to which the jury answered "$5000.00." In the decree we find this recital: " * * * that the value of the property as determined by the jury herein is less than the award of the Special Commissioners heretofore made in the sum of $5500.00; it is ordered, adjudged and decreed that the owners, in event they shall have appropriated the amount of the Commissioners' award deposited in the court, shall return such excess of $500.00 to San Antonio Independent School District", and taxed all of the costs against the owners of the property. Only defendant Joe Menchaca perfected his appeal to the San Antonio Court of Civil Appeals and the case is before us on transfer order of our Supreme Court.

The decree is assailed on four points. They are substantially:

1. The court erred in refusing to permit plaintiff's witness, Lucchese, to testify concerning price paid by plaintiff for other properties in the same block, in that plaintiff on direct examination brought out that the School Board negotiated for seven properties in such block and reached a peaceful settlement in all but the case on trial.

2. The court erred in refusing to permit plaintiff's witness, Lucchese, to testify concerning price paid for six other properties in the same block in that such witness testified that such sales were voluntary as a result of negotiation.

3. The court erred in not permitting defendant's witness, Mrs. P. G. Mendes, to testify as to price received by her from School Board for small house and 25x72½ foot lot, in that she would have testified that she sold the same by voluntary sale for $4000.00 cash, total, including disposal of improvements.

4. The court erred in permitting plaintiff to introduce pictures of defendant's

property, exhibits 1 through 8, in that they were not shown to have been made at the time of taking or reflect the condition at the time of taking of such property.

In appellee's brief we find substantially this statement: The trial court did not err in refusing to permit a witness for appellee and a witness for appellant to testify as to prices paid other persons for other property in the vicinity when proper objection was made, it being undisputed that appellee was an independent school district having authority to condemn property for its uses. Appellant complains in his 1st, 2nd and 3rd points of the refusal by the trial court to permit a witness offered by appellant and a second witness offered by appellee to testify as to the prices paid for other properties to other persons in the vicinity of the property condemned. The San Antonio Independent School District is a public free school corporation having power to condemn. It became necessary, by negotiation or through condemnation, for the District to acquire various properties for its uses. The property of appellant was one of those involved in the general area. The District offered the witness Joe Lucchese as an expert on value and he testified that he was employed to acquire the properties by voluntary purchase if possible and that where agreements could not be reached condemnation suits were filed. He was not asked and gave no evidence with respect to prices asked, offered or paid. On cross-examination appellant attempted to elicit from the witness the prices paid by the District to other persons for other properties. The District objected to the evidence on the ground that it was irrelevant and immaterial, did not represent a voluntary sale and was not competent to prove market value of appellant's property. Appellant also offered as a witness, Mrs. Mendes, who attempted to testify as to the price received upon a voluntary sale of her property to the District and upon the same objections the court refused to permit the

witness to testify as to the price she received.

We think the appellee's contention is supported by the following authorities: Atlantic Pipe Line Co. v. Fields, Tex.Civ. App., 256 S.W.2d 940 (n.r.e); Camp v. Commissioners' Court of El Paso County, Tex.Civ.App., 279 S.W.2d 927 (no writ history); City of Dallas v. Malloy, Tex. Civ.App., 214 S.W.2d 154 (writ dis.); Houston Independent School District v. Reader, Tex.Civ.App., 38 S.W.2d 610 (no writ history); Marsh v. State, Tex.Civ. App., 276 S.W.2d 852 (no writ history); Phelps v. State, Tex.Civ.App., 157 S.W.2d 955 (no writ history); Robards v. State, Tex.Civ.App., 285 S.W.2d 247 (n.r.e.); State v. Layton, Tex.Civ.App., 147 S.W.2d 515 (no writ history).

After a careful review of the foregoing cases, we think our courts have uniformly held that prices paid for property by a condemning authority are not admissible to establish market price of the property being condemned because such sales are not free and voluntary under our rule as to what constitutes a willing seller and a willing buyer. In State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (Com. App., opinion adopted), we find this statement: " 'Market value' is the price which the property would bring when it is offered for sale by one who desires, but is not obliged to sell, and is bought by one who is under no necessity of buying it." Point on page 202. The Supreme Court gave approval to this statement in City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, at page 812, point 1. As we understand the decisions, the rule is based upon fundamental reason that such sales are not voluntary and are necessarily made under a direct or implied threat of condemnation and with knowledge on the part of the owner that unless he sells, the authority must condemn his property unless it abandon the entire project. This rule on proper objection applies to such a sit-

uation regardless of whether it is tendered by the condemnee's own witness, on cross-examination or in any other manner if the condemner seeks to interpose the foregoing objection. Improper evidence tendered cannot be admitted if timely and proper objection thereto is made.

In appellee's brief we find the following statement:

"The fundamental objection to evidence of other sales is they are neither free nor voluntary. In condemnation cases the usual jury charge defines fair market value as that amount a person willing (but not compelled) to buy would pay and an owner willing (but not compelled) to sell would take. Where purchase is by one having power to condemn, it cannot be free or voluntary. The buyer is under compulsion of public necessity and the seller always faces the direct power to take in event of disagreement. As the courts have said, the seller knows the always existent power and knows it must be exercised or the project abandoned.

"Since such sales are neither free nor voluntary, evidence thereof will not support the definition of fair market value. And as the reason for its exclusion is lack of freedom and want of voluntary action, it is immaterial whether buyer or seller offers the evidence, directly by a witness for either, or indirectly by cross-examination by one of a witness of the other. The reasoning and principle prohibiting such evidence must apply under all circumstances."

We are in accord with this view.

The case of Robards v. State, supra [285 S.W.2d 248], is the latest expression that we have found discussing factual situations similar to this one. In that case we find this statement: "The evidence as to values was sharply conflicting. Appellants' first and second points, which in our opinion must be sustained, are that the court erred in admitting, over proper objections, evidence of other sales to the State, condemner, of tracts along this highway for right of way purposes." The Austin Court then cites a long list of cases supporting its view that the above factual situation presented reversible error, and as we understand the decision, reversed and remanded it on the foregoing grounds stated. The Supreme Court refused application for writ of error on the ground that there was no reversible error. As we understand the opinion of the Austin Court, the foregoing question was the controlling one in the cause. We think that Points 1, 2 and 3 in the case at bar raised by appellant fall within the pronouncements of Robards v. State, supra, and the cases there cited, and that further discussion would be of no avail.

■ We have considered the fourth point but it does not present reversible error.

Believing that the court has entered the correct judgment, and finding no reversible error, the judgment of the court below is affirmed. Since only Joe Menchaca perfected his appeal, the costs of this appeal are taxed against him.

HALE, J., took no part in the consideration and disposition of this case.