**I. O. SCOTT, Appellant,**

v.

**McLENNAN COUNTY et al., Appellees.**

No. 3482.

Court of Civil Appeals of Texas.

Waco.

Sept. 26, 1957.

Rehearing Denied Nov. 21, 1957.

Dunnam, Dunnam & Dunnam, Waco, for appellant.

W. C. Haley, Sam Lanham, Waco, for appellees.

TIREY, Justice.

This is a condemnation suit. Pertinent to this discussion the court submitted the following issue: "What do you find from a preponderance of the evidence, if any, was the market value of the strip of land condemned by the State for highway purposes, including both buildings thereon, subject to the leases thereon, at the time it was con-

demned, considered as severed land?" to which the jury answered "$30,000.00." The judgment followed the verdict. Appellant seasonably filed his amended motion for new trial, which was overruled, and perfected his appeal to this court.

■ The judgment is assailed on five points. They are substantially: (1) failure of the court to grant defendant's motion to instruct the jury not to consider the question of counsel for plaintiff, directed to defendant: "Weren't you convicted of intermittent gambling on two separate counts and fined $500.00 each?"; (2) in permitting plaintiffs, over proper objections, to prove that appellant purchased lots 6 and 7 in block 63, a portion of the property here involved, in the year 1945 for the sum of $5,000; (3) in permitting plaintiffs, over proper objections, to prove that a portion of the property here involved was purchased by appellant in the year 1949 for the sum of $3,750; (4) in permitting plaintiffs, over proper objections, to prove that in the year 1947 appellant purchased a part of the property here involved for the sum of $250; (5) the verdict was grossly inadequate. (The property taken had a frontage of 240 feet on the highway and an approximate depth of 80 feet, with two buildings thereon.)

Returning to a discussion of Point 1 we find that the Statement of Facts reflects the following:

"Q. Mr. Scott, you were convicted of a felony in the Federal Court? A. Yes, sir.

"Q. That was for income tax evasion? A. Yes, sir.

"Q. You have also been convicted of a felony in the State Court, haven't you? A. Well—

"Q. Isn't that correct? A. No, sir.

"Q. Weren't you convicted of intermittent gambling on two separate counts and fined $500.00 each?

"Mr. Dunnam, Jr.: We want to object to that and ask the court to instruct the jury not to consider it for any purpose in this case. A misdemeanor. It is a ground for a mistrial, if we want to ask for it.

"Mr. Haley: I will change that and ask him if he didn't plead guilty.

"Mr. Dunnam: Of course, that isn't material to any—

"Mr. Dunnam, Jr.: We request the court to instruct the jury not to consider it for any purpose. (Discussion off the record at the bench.)

"The Court: I am going to overrule you.

"Mr. Dunnam: We want to take a Bill.

"The Court: (Proceed)

"Mr. Dunnam, Jr.: We want to object to it now.

"The Court: Did the court reporter get an answer?

"Mr. Haley: Have the court reporter read it back.

"Mr. Dunnam, Jr.: We will object to her reading the question and answer back in the presence. It is prejudicial, inflammatory, and an attempt to lead the jury away from the law and the facts. An attempt to prejudice the jury against the defendant. And we object to the original statement of counsel upon those grounds, and move the court to instruct the jury not to consider it for any purpose. And I want to further object, on the same grounds, to the question being read in the presence of the jury.

"The Court: Overruled.

"Mr. Haley: You would like for the reporter to read it back?

"The Court: No, I sustained him on that, but overruled him on the other.

"Mr. Dunnam, Jr.: Note our exception.

"Mr. Haley: Am I to ask no further questions?

"The Court: Yes.

"Mr. Haley: I am going to object to the proposition of the instruction of the court in not permitting me to explore that.

"The Court: All right."

Mr. Burney Walker, Assistant District Attorney, testified, for the purpose of perfecting a bill, as follows:

"Q. Was I. O. Scott convicted of a felony or misdemeanor? A. Let me explain what happened in court. The indictments herein returned by the Grand Jury were presented.

"Q. Yes. A. This particular defendant, if I remember rightly, was represented either by Willard McLaughlin, or H. S. Beard. They handled their cases together because all of them were indicted by the same outfit. The indictments charged that the defendants did maintain or operate houses where persons habitually resorted for the purpose of gambling.

"Mr. Haley: Could I interrupt? Burney, is that a felony charge?

"The Witness: That is.

"Mr. Haley: Go ahead.

"A. (Continuing) At the time the indictments were presented and defendants were asked to proceed through their attorneys, they entered a plea of guilty to permitting intermittent gambling, but not to maintaining houses where persons habitually resorted for the purpose of gambling. The court, under some statute—if it was the misdemeanor statute—fined each of them $500.00 and costs in each case. Under our felony gambling statute, there is no provision for a fining.

"Q. The defendants were not present in Court? A. Yes, they were." See footnote 1.[1]

---

1. Returning to the qualification of appellant's bill, as shown by the testimony of the Hon. Burney Walker, Assistant District Attorney, we find that it shows that appellant was indicted by a McLennan County Grand Jury on a felony charge for maintaining or operating houses where persons habitually resorted for the purpose of gambling.

Art. 625, Penal Code, provides: "If any person shall keep, or be in any manner interested in keeping any premises, building, room or place for the purpose of being used as a place to bet or wager, or to gamble with cards, dice or dominoes, or to keep or to exhibit for the purpose of gaming, any bank, table, alley, machine, wheel or device whatsoever, or as a place where people resort to gamble, bet or wager upon anything whatever, he shall be confined in the penitentiary not less than two nor more than four years, regardless of whether any of the above mentioned games, tables, banks, alleys, machines, wheels or devices, or things are licensed by law or not. Any place or device shall be considered as used for gaming or to gamble with or for betting or wagering, if any money or anything of value is bet thereon, or if the same is resorted to for the purpose of gaming or betting."

Art. 627 of the Penal Code provides in effect that whoever knowingly permits property or premises of which he is owner, or which is under his control, to be used for any purpose mentioned in the two preceding articles, shall be confined in the penitentiary not less than two nor more than four years.

Art. 626 referred to aforesaid relates to the renting of premises, etc., for gaming purposes.

Art. 628 of the Penal Code provides: "Whoever permits any game prohibited by the preceding articles of this chapter to be played in his house, or a house under his control, or upon his premises, or upon premises under his control, the said house being a public place, or the said premises being appurtenances to a public place, shall be fined not less than twenty-five nor more than one hundred dollars."

Art. 648–2 provides penalty for betting on horse races at a fine of not less than $200 nor more than $500 and imprisonment in jail for not less than 30 days nor more than 90 days.

Art. 646a relates to betting on dog races, and Sec. 2 thereof provides for

In appellant's bill we find the following: "Prior to submission of the charge to the jury, and after perfection of the bills of exception on the question, the defendant now again renews his motion to the court to instruct the jury that the asking of the question of defendant I. O. Scott is highly improper and as to whether or not he had been convicted in the State Court of the felony of intermittent gambling is highly improper, and the jury should not consider it for any purpose," which was overruled, and the appellant excepted.

The failure of the trial court to grant appellant's motion and instruct the jury as requested has given us much concern, and we are inclined to the view that it was prejudicial to appellant's rights, which we shall hereinafter briefly discuss. First of all, appellant had permitted the property to be used for the purpose of operating a night club, and the record shows that he had been operating it in part and had been leasing it to some extent in part. Now the sole question to be determined by the jury was the cash market value of the strip of land being condemned, including the buildings thereon, subject to the leases thereon at the time when it was so condemned, considered as severed land. The appellant had previously testified in part as follows:

"Q. You have stated that at the time of the taking of those buildings you knew what the value of that was at that time, subject to those leases. Will you tell the jury what that value was? A. I would say $75,000.00."

On cross examination he testified:

"Q. I asked you what did that building cost you and you said $12,000.00. What did you testify today? A. I testified that actually the original building, it was around $12,000.00 to $14,000.00. That is what I testified

today, and that is what I testified then. You never asked me what it cost. * * *

"Q. What did that building cost you? A. Well, it was in the neighborhood of $14,000.00, that and the equipment. I am talking about the building itself.

* * * * * *

"A. Well, I don't know. I would have to figure that equipment off of that. Approximately $12,000.00."

Appellant tendered four other witnesses as to value. Two of them fixed the value at $60,000 each, one witness fixed the value at $70,000, and another witness from $65,000 to $70,000. Going back to the exact question asked by plaintiff's counsel of appellant: "Weren't you convicted of intermittent gambling on two separate counts and fined $500.00 each?" (which question was promptly objected to by appellant's counsel and which objection was sustained by the court, and the witness was not permitted to answer, and thereafter appellant's counsel requested the court to instruct the jury not to consider it for any purpose, which request was overruled). Appellant contends that the action of the court in this respect constitutes reversible error, and relies on the doctrine announced in Miller v. State, 67 Tex.Cr.R. 654, 150 S.W. 635, 636. In Point 6 of the opinion we find this statement: "The only other ground presented in a way we can review it is the objection to permitting the state on cross-examination to ask defendant's witness Renn if he had not been indicted for gambling, and requiring the witness to answer the question. This was error; for gambling is not a felony, and not an offense involving moral turpitude."

■ It is true that the case before us presents a different situation, in that the

penalty of a fine of not less than $200 nor more than $500 and imprisonment in jail of not less than 30 days nor more than 90 days.
So the record before us, although it

shows the appellant was indicted for a felony, it is not clear what he plead guilty to because we find no $500 fine as penalty in the gaming statute except the foregoing.

witness was not permitted to answer the question, and the court promptly sustained an objection thereto; but the court refused appellant's motion to instruct the jury not to consider the question propounded. Since the appellant had testified in response to questions propounded to him that he had plead guilty to a felony in the Federal Court, for income tax evasion, we cannot say that the question propounded to appellant, under all the facts and surrounding circumstances, was not prejudicial to him and may have improperly influenced the jury against him in its deliberations. We recognize the general rule to the effect that the mere asking of an improper question is not reversible error. See cases collated under Vol. 4, part 2, Texas Digest, Appeal and Error, ▮▮▮▮▮ Colls v. Price's Creameries, Tex.Civ.App., 244 S.W.2d 900, point p. 908 (n. r. e.). However, in Larnce v. Massachusetts Bonding & Ins. Co., Tex. Civ.App., 121 S.W.2d 392, 394 (writ dis.), this court, speaking through the late Justice Alexander, said:

"There are cases in which it has been held that the mere asking of certain questions in the presence of the jury has required a reversal of the judgment. These are cases, however, in which the evidence sought to have been elicited, if admitted, would have been extremely prejudicial and the very asking of the question raised a strong presumption of the existence of the fact sought to be elicited."

After much consideration, we are inclined to the view that the record here stated brings the improper question propounded within the foregoing exception.

We think the foregoing error becomes more pronounced when we consider the errors pointed out in appellant's Points 2, 3 and 4. They are substantially to the effect that the court erred in permitting plaintiffs, over timely objection, (2) to prove that appellant purchased lots 6 and 7 in block 63, a portion of the property here involved, in the year 1945, as described in a deed of

record in Vol. 590, page 395, Deed Records of McLennan County, for the price of $5,000; (3) to prove that appellant purchased a portion of the property here involved and described in Vol. 592, page 503, Deed Records of McLennan County, in the year 1949 for the sum of $3,750; (4) to prove that appellant, in the year 1947, purchased a portion of the property here involved and described in deed of record in Vol. 656, page 331, McLennan County Deed Records, for the price of $250.

The general rule governing the above matter is stated in 16 Tex.Jur. 572, sec. 248, where we find this statement:

"The cost to the owner of the land and of the improvements subsequently made is not of itself evidence of market value. If such evidence is to be received at all, it is not admissible when a considerable interval of time has elapsed between the date of the purchase and the time of the litigation. Moreover, when the interval of time is considerable, the evidence is not rendered admissible by testimony that there has been practically no change in the values of properties in the neighborhood." (Citing many cases.)

See also Hubbard v. Harris County Flood Control Dist., Tex.Civ.App., 286 S.W.2d 285 (n. r. e.); Couch v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 292 S.W.2d 901 (n. r. e.); Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575 (n. r. e.).

▮ Appellant timely objected to the introduction of certified copies of the deeds showing the dates of purchase of the property in 1945, 1947 and 1949, and the amounts paid therefor, which objections were overruled, and after the evidence was admitted appellant made a motion to exclude the consideration of the testimony and this motion was overruled. Appellant, in his objections, pointed out the long interval of time elapsing between the purchase of the property by appellant and the condemnation, which was the 18th of July, 1956, and, in

addition thereto, pointed out that appellant had not complied with Arts. 3726 and 3726b, Vernon's Ann.Civ.St., but all of these objections were overruled, to which appellant excepted. Needless to say, the interval of time between the purchase of the property by appellant and the condemnation proceedings was so long that there was no way to cure the timely objection offered to the photostatic copies of the deeds. It is true that appellant, in his efforts to offset the error here complained of, tendered evidence from one of the appellee's witnesses to the effect that we had inflation and that property on the edge of town had doubled in value in many instances, but we do not think that such testimony cured the error here complained of. This court has previously held that inflation is common knowledge. See City of Teague v. Stiles, Tex.Civ.App., 263 S.W.2d 623 (n. r. e.).

■ Bearing in mind the errors here pointed out, and bearing in mind that the sole question before the jury was the reasonable cash market value of the property at the time it was being condemned, we feel that we must take into account the cumulative effect of the errors here pointed out, and that such errors, when considered together under all the facts and surrounding circumstances, constitute reversible error. As we understand our Supreme Court in Southern Pacific Co. v. Hubbard, 297 S.W.2d 120, point 1 on page 125, the court may consider the cumulative effect of the errors it finds in a cause. We do not mean to hold that the errors pointed out, standing alone, are insufficient to reverse this cause. We are holding that the cumulative effect of all the errors, under all the facts and surrounding circumstances, does constitute reversible error. We are of the further view that the errors complained of and here discussed amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in this case. See Rules 434 and 503, Texas Rules of Civil Procedure.

Because of our views here expressed and the further fact that this cause must be reversed and remanded, appellant's Point 5 passes out of the case, and we refrain from comment thereon.

Accordingly, this cause is reversed and remanded, and the costs taxed against appellee.