**STATE of Texas, Appellant,**

v.

**Charles E. CURTIS et al., Appellees.**

**No. 13926.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 5, 1962.

Rehearing Denied Oct. 24, 1962.

Will Wilson, Atty. Gen., Morgan Nesbitt, Edward A. Cazares, John Wildenthal, Jr., Watson C. Arnold, Winston P. Crowder, Asst. Attys. Gen., Austin, for appellant.

York & Swanner, McAllen, for appellees.

POPE, Justice.

The State of Texas has appealed from an award to Charles E. Curtis and wife for lands condemned for a controlled access highway in Hidalgo County. Slightly more than five acres were taken out of the sixteen-acre Curtis tract. The jury fixed the value of the five acres at $6,793.80, and the damages to the remainder at $10,764.00. State condemned the surface only. The controlling points on appeal concern the admission and exclusion of evidence. State complains of error by reason of the improper (1) admission into evidence of testimony about comparable sales which occurred from seven to ten years before the taking, (2) admission into evidence as comparable sales, testimony about sales to condemning authorities, (3) exclusion of evidence about the influence of the mineral value upon the comparable sale tracts, and (4) exclusion of a map which would show the proposed access to and exits from the remainder of the Curtis tract.

The first three points relate to the nature of evidence of comparable sales when used as proof of value in condemnation cases. Since no two tracts are identical, it is sufficient if it can be shown as a predicate that the lands involved in prior sales are similar to those taken. City of

**450**

Austin v. Cannizzo, 153 Tex. 324, 267 S.W. 2d 808, 815; State v. Childress, Tex.Civ. App., 331 S.W.2d 230, 235. One element of the required similarity is that market conditions must be comparable. Sales which are too remote in time are therefore not treated as similar sales. The trial court, over objection, admitted proof of two sales which occurred ten years before the taking, and two other sales which occurred seven years before the taking. The tracts sold ten years earlier brought $1,000.00 an acre. The tracts sold seven years earlier brought $2,-500.00 and $3,000.00 an acre, respectively. These figures were considerably higher than those of sales in more recent years. The proof about sales within the past five years was that they had brought $665, $667, $700, $800, $811, $843, $886, and $1,000 per acre. Tracts which had been sold with the minerals had brought $1,166, $1,750, $1,812 and $2,125 per acre. The jury found that the surface of the Curtis tract was worth $1,300 an acre. The condemnees argue in support of the remote sales, that it is a matter of common knowledge that inflation has boosted prices, and that the lands have increased in value. Such argument ignores the many other factors which affect land values. We find no cases which approve evidence of sales at a market seven and ten years old, and no reason exists for going so far back in this case. The evidence of sales during 1950 and 1953 was too remote and should have been excluded. Broesche v. State, Tex.Civ.App., 348 S.W.2d 770; Thompson v. State, Tex.Civ.App., 319 S.W. 2d 368; Scott v. McLennan County, Tex. Civ.App., 306 S.W.2d 943; Sullivan v. Missouri, K. & T. Ry. Co., 29 Tex.Civ.App. 429, 68 S.W. 745, 747.

■ element of the required similarity is that the comparable sales must be between a willing seller and a willing buyer. A purchase by a condemning authority is not free and voluntary. Over objection, the condemnees proved two sales which were made to agencies with powers of eminent domain. One sale was to the State of Texas for a District Highway Office. Art. 5240, Vernon's Ann.Tex.Civ.Stats. The other sale was to a public utility. Arts. 1436–1436a, Vernon's Tex.Civ.Stats. In such situations the buyer knows that the public needs and demands the facility. The seller, on the other hand, is in the shadow of a sale by compulsion. Such sales are not fair comparisons and the evidence should not have been admitted. Menchaca v. San Antonio Independent School District, Tex. Civ.App., 297 S.W.2d 363; Robards v. State, Tex.Civ.App., 285 S.W.2d 247.

■ Another element of the required similarity is that the comparable sales must be of similar estates. In this case, only the surface was condemned. When minerals have value, sales of lands with minerals are not a fair comparison with lands sold without the minerals. The State presented an expert witness who testified about comparable sales. He was in the process of explaining why three of the sales brought twice or three times as much as other sales in the area. His explanation would have been that minerals were sold with the higher priced lands and not with the lower priced lands. This evidence was excluded. After both sides had closed and just before argument to the jury, the condemnees withdrew their objection. The witness had been excused the day before and had gone to another city. State asked for time to obtain the witness, but the case proceeded on to argument and verdict.

■ The court also excluded the State's map of the highway which would have shown the location of cross-overs, frontage roads, and entrance and exit ramps. A map was first offered and admitted which showed the road across the condemnees' land, but nothing else. A larger map was then offered which showed the new highway for several miles. Upon objection, the State reduced the area of the map and re-offered it. This portion showed only those parts of the highway which afforded the nearest cross-overs, exits, and approaches to condemnees' property. The map was excluded upon objection that it embraced properties not

involved in the condemnation, was outside the pleadings, and the proposed highway could be later changed. In our opinion, the reduced portion of the map should have been admitted. Access to the condemnees' remaining tract was in issue and was within the pleadings. Condemnees were permitted to prove that fire trucks could not reach the property and that its value as residence property was damaged. With the map excluded, the State was forced into the position that the highway rendered the Curtis property inaccessible. This was not a true picture of the highway, and the State should have been permitted to show how vehicles could get to and from the Curtis property.

A procedural matter was presented in connection with a claimed error in a bill of exception. The bill before us states that the State offered certain evidence for impeachment purposes which the court excluded. Condemnees at a later hearing before the trial court sought to correct the bill so it would show that the evidence was not offered as impeachment. The trial court did not correct the bill. Instead, the statement of facts on the hearing to obtain the correction was ordered sent to this Court. In it we find that the court refused to change the bill, saying: "I am not going to change it because I just don't remember what happened other than that." The matter is of no significance, however, since the case has been decided upon other grounds of error.

For the errors in admitting and excluding evidence, the judgment is reversed and the cause remanded.

On Motion for Rehearing.

■ Our holding does no violence to Texas v. Oakley, Tex., 356 S.W.2d 909, or Hays v. State, Tex.Civ.App., 342 S.W.2d 167. The objection made to the sales offered in Oakley was that the expert was testifying about hearsay. The question therefore, was whether sales which are comparable may be told about, though the informa-tion was from hearsay sources. The case did not concern sales which were non-comparable. Hays v. State states three instances in which comparable sales may be offered. The opinion assumes that the sales are in fact comparable. In listing the conditions under which sales may be offered, the opinion contains the prefacing statement: "Evidence of sales of comparable properties may be offered under three conditions:" In other words, comparable sales may be offered under certain conditions, Hays v. State, supra; and they may be offered though the source of the information may be from hearsay. Texas v. Oakley, supra. The basic rule still exists, which is that the sales must actually and in fact be comparable. If the sale is too remote in time, as in this case, it is excluded for that reason.

Appellees' motion for rehearing is overruled.