**A. C. LUDLAM et ux., Appellants,**

v.

**The STATE of Texas et al., Appellees.**

**No. 222.**

Court of Civil Appeals of Texas.

Tyler.

June 23, 1966.

Harry M. Jones, Jones & Jones, Mineola, Clyde Elliott, Jr., Elliott & Elliott, Canton, for appellants.

James T. Flynt, Quitman, for appellees.

SELLERS, Justice.

This is a condemnation case brought by the State and Wood County, Texas, to condemn land for road purposes. We take the following from appellants' Brief:

"This is a condemnation case. Appellee found it necessary to condemn for highway widening purposes 0.335 and 0.368 acre of land belonging to appellants. Appellants owned two tracts of land involved in this suit. One tract contained 3.506 acres and the other contained 3.339 acres. Both tracts are located upon the West side of Texas State Highway 37 running between Mineola and Quitman in Wood County, Texas.

"While the two tracts of land do not adjoin each other, it was agreed and stipulated that they would be considered as one tract of 6.845 acres to prevent the multiplicity of law suits. The date of taking was stipulated to be June 15, 1964, and the part taken was stipulated at 0.703 acre. It was further stipulated that all proceedings were in order and that the only questions to be decided by the jury were the value of the part taken and damages to the remainder. The remainder was stipulated to con-

tain 6.142 acres. All these stipulations are shown on Page 2 of the Statement of Facts."

Special Issue No. 1 inquired of the jury the value of the .703 acre tract (being the part taken for road purposes) and the answer was "$1,000.00." Issues Nos. 2 and 3 found the part remaining to be of the value of $15,000 and the value of the original tract before taking to be $15,000.

The three witnesses for appellants in their testimony as to the value of the property taken and the remaining before and after taking, as well as the appellees' witness on value, as expressed by appellants in their brief is as follows:

| WITNESS | PART TAKEN Issue 1 | REMAINDER BEFORE Issue 2 | REMAINDER AFTER Issue 3 |
|---------|-----------|------------------|-----------------|
| Appellants' | | | |
| Pegues | $4,250.00 | $15,750.00 | $10,425.00 |
| Wood | $4,500.00 | $16,750.00 | $11,000.00 |
| Calhoun | $4,100.00 | $15,900.00 | $10,400.00 |
| Appellee's | | | |
| Fleming | $ 781.00 | 0 | 0 |
| JURY | $1,000.00 | $15,000.00 | $15,000.00 |

The appellants, by their Fifth Assignment of Error, complain of the trial court's action in admitting into evidence the price paid by appellant for his land ten years before the date of taking by appellees. The appellees called Mrs. McIntosh, deputy county clerk and the following proceedings were had over the objection of appellants:

"Q You are Mrs. Elma McIntosh, is that correct?

"A That is correct.

"Q You are the chief deputy county clerk here in Wood County?

"A That is correct.

"Q Mrs. McIntosh, I asked you to examine Volume 392, page 396 of the Deed Records of Wood County, Texas, did I not?

"A You surely did.

"Q Does that particular volume and page reflect a deed?

"A Yes, it does.

"Q And who is the deed from, please, ma'am?

"A It is from G. P. Ray and wife, Jessie.

"Q And who is the deed to?

"A To A. C. Ludlam and wife, Kate.

"Q And how many acres of land does it convey?

"A Eight acres.

"Q And does it show that that eight acres fronts on Highway 37?

"A Yes, it does, parallels it.

"MR. JONES: May we have the date of the deed?

"A June the 12th, 1954.

"MR. JONES: 1954?

"A Right.

"MR. JONES: Well, now we are going to object to any transactions that took place in such a remote period.

"* * *:

"THE COURT: Will you state your objection.

"MR. JONES: The objection is that any transaction more than five years prior to the date of the condemnation proceedings and putting of the money up, is too remote to be considered.

"* * *

"THE COURT: I think she can testify as to what she has in her office.

"MR. JONES: You want to see the cases, Judge?

"THE COURT: No, I don't.

"MR. JONES: All right.

"THE COURT: Overrule the objection.

"MR. JONES: Note our exception.

"Q (By Mr. Flynt) Are there any revenue stamps contained on that deed, Mrs. McIntosh?

"A Yes.

"Q What denomination and how many?

"A One and it is for $3.30.

"Q And what is the general valuation that is placed on revenue stamps per thousand dollars?

"MR. JONES: That is set by statute and that would be the best evidence.

"MR. DOUGLAS: If she knows.

"MR. JONES: The best evidence would be the statute itself.

"THE COURT: Overrule the objection.

"MR. JONES: Note our exception.

"Q (By Mr. Flynt) You may answer.

"A A dollar ten per thousand or fifty-five cents for five hundred dollars.

"Q $3.30 would be three thousand dollars consideration?

"A Uh huh.

"MR. FLYNT: That is all."

The record reveals that appellant acquired his land ten years before the taking by appellees of the strip involved. It is well settled that the price paid for the land ten years before the taking is not admissible on the issue as to the value of the property at the time of the taking—State of Texas v. Curtis et al., Tex.Civ.App., 361 S.W.2d 448—and we cannot say in view of all of the evidence in the case that such evidence was not harmful to appellants and for this error, the judgment of the trial court is reversed and the cause remanded for another trial.

The disposition made of the appeal makes it unnecessary to consider appellants' other assignments of error.