**ELEVENTH STREET BAPTIST CHURCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 4150.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 25, 1966.

Alto V. Watson, Beaumont, for appellant.

W. G. Walley, Jr., Beaumont, for appellee.

COLLINGS, Justice.

This is a condemnation suit brought by the State of Texas against the trustees of the Eleventh Street Baptist Church of the City of Beaumont. The State sought to condemn .345 acres of land running 259 feet across the front of the church property with a depth of 58.38 feet. The trial was before a jury which found that the market value of the land taken was $10,250.00. The jury found that there was no difference between the market value of the remainder of the defendant's land before and after the taking; that the value of such remainder both before and after the taking was $128,875.00. The Commissioners had awarded $10,450.00 as the value of the land taken and $4,000.00 as the reduction in market value of the remainder after the taking. Based on the verdict, judgment was rendered for the defendant in the sum of $10,250.00 for the taking of its land. Judgment was further rendered for the State of Texas against the defendant for $4,250.00 because the defendant had withdrawn the money awarded by the Commissioners from the registry of the court. The defendant has appealed.

Appellant presents points complaining of the finding of the jury in answer to issue number 3 to the effect that the market value of the remainder of the land after the taking was $128,875.00, the same as the value before the taking. Appellant contends that such finding is against the great weight and preponderance of the evidence and that the judgment rendered thereon is wrong, as a matter of law; that some damage necessarily occurred to the remainder of appellant's property by the taking of the front portion thereof which had been used as space for parking automobiles in connection with use of the remainder.

The record shows that appellant, Eleventh Street Baptist Church, had its first connection with this property in 1952 when the church consisted of forty members and the property was purchased. At the time of the trial the membership was 240. The property was used for the sole purpose of the Church. The tract ran 259 feet on Eleventh Street and was 192.1 feet deep. Appellant asserts that the tract was then large enough to contain the master building plan for the development of the church and provide sufficient parking space with no room to spare. The main building or sanctuary of the church was built by the members soon after the purchase of the property. It was the plan of the church to add wings to the sanctuary on the east and west, each to be 40 by 60 feet. The east wing was first constructed, and in 1957 this 40 by 60 feet east wing was enlarged so that it was 40 by 78 feet and came within twenty feet of the east property line. There was evidence to the effect that if the church had been able to continue with its plans the west wing of 40 by 60 feet would eventually have been added and that it would come to within 38.5 feet from the west line of the property. The strip taken was 259 feet long by approximately 58 feet deep off the front of appellant's property. Appellant asserts that the remaining tract was not large enough for the master building plan and to provide sufficient parking space for the operation and planned growth of the church.

Concerning the market value of the remainder of appellant's property after the taking there was evidence both in favor of and contrary to the verdict of the jury. Expert witnesses were called by appellant and appellee. The expert witness for ap-

pellant testified in effect that the market value of appellant's remaining property was $17,060.00 less after the taking of the strip off the front than before the taking. He stated the opinion that about 84 cars could be parked on the property before the taking but that after the taking there was parking space available for only about 58 automobiles. The witness admitted, however, that with the proposed frontage road of the new highway facility constructed with curbs and gutters more automobiles could be parked along the 259 feet curb, although he believed this was not in the best interest of safety.

Appellee's expert witness testified that in his opinion the remainder of appellant's land after the taking of the strip off the front had a market value which was the same as the value of such remainder before the taking, that is, $128,875.00. He testified that there was no decrease in value of appellant's remaining property after the taking by reason of loss of parking space. He stated that the parking space available after the taking would accommodate as many as 60 automobiles. He stated that an actual count of parked automobiles at the church during November and December, 1963, and January, 1964, during the principal Sunday 11:00 services showed that there were never more than 27 cars parked on such premises. He asserted that the area available for parking on appellant's remaining land is adequate for appellant's present needs and is also adequate for its needs in the reasonably foreseeable future.

■ The record shows that the values found by the jury were within the limits testified to by the witnesses. The jury was the judge of the credibility of the witnesses and of the weight to be given their testimony. There was certainly some evidence in support of the finding of the jury in answer to special issue number 3. We overrule appellant's point to the effect that the judgment rendered is wrong as a matter of law. In passing upon appellant's point contending that the answer to special issue number 3 is against the great weight and preponderance of the evidence, we have considered the entire record and are of the opinion that the point should be overruled.

In appellant's fifth point it is urged that there was jury misconduct requiring a reversal of the judgment in that the foreman of the jury during its deliberation stated that they could not compromise between the opinions of the two appraisers, but must find all the way with one or the other; that such error was aggravated by the refusal of the court to give needed and required instructions as requested by the jury. At the hearing of the motion for a new trial one of the jurors testified, in effect, that the foreman told the other jurors that they had to find a value of the property in accord with what either Mr. Brimlow, one of the appraisers said, or with what Mr. Hall, the other appraiser said. The juror stated that some of the jurors wanted to compromise between the two appraisers and disputed the contention urged by the foreman; that as a result the following message was sent to the court: "In considering these issues should we take each appraiser's figures separately, or can we use one or the other, in answering each issue?" The judge thereupon replied in writing as follows: "You will be guided by the charge given you by the court." In the court's charge the jurors were instructed that "You are the exclusive judges of the facts proved, the credibility of witnesses, and the weight and value to be given their testimony; but the law of the case you will receive from the court in this charge—and you will be governed thereby."

■ It is apparent that the foreman's expressed views to the effect that the jury must accept in full the position of one or the other of the appraisers was a legally erroneous interpretation of the court's charge. The other jurors disagreed with the foreman's contention and a letter was sent to the trial judge who answered by referring the jury to the charge to the effect

that the jury was the exclusive judge of the facts proved, the credibility of the witnesses and the weight to be given to their testimony. No reversible error is shown and appellant's fifth point is overruled. Gulf, C. & S. F. Ry. Co. v. Johnson, 99 Tex. 337, 90 S.W. 164; Compton v. Henrie, 364 S.W.2d 179 (Tex.Sup.Ct.); Adams v. Houston Lighting and Power Company, 158 Tex. 551, 314 S.W.2d 826 (Tex.Sup.Ct.).

 In appellant's third point it is contended that the court erred in refusing to allow appellant's witness Paul Brimlow to testify to the details of a comparable sale of a portion of the property of the Northwood Christian Church to the condemnor. Appellee's counsel was permitted to examine Mr. Brimlow on voir dire and elicited information that the comparable sale which he referred to was made under threat of condemnation. This point is overruled. It is held that prices paid for property by the condemning authority are not admissible to establish the market value of other property being condemned because such sales are not free and voluntary. Menchaca v. San Antonio Independent School District, 297 S.W.2d 363, (Tex.Civ. App.1956), writ dismissed; Robards v. State, 285 S.W.2d 247, (Tex.Civ.App.1955), refused n. r. e.; State of Texas v. Curtis, 361 S.W.2d 448, (Tex.Civ.App.1962), refused n. r. e.

We overrule appellant's 4th point in which it is contended that reversible error is shown in that the jurors, during their deliberation, discussed the fact that the award "would raise the jurors' taxes." On the hearing of the motion for a new trial one of the jurors testified that "taxes were mentioned." He stated that he mentioned the fact that the Federal Government would probably pay a part of the cost and that it was then mentioned once or twice by others that his taxes would be raised. Another juror testified that the first witness asserted during the jury deliberations that this was an instance of a "big shot trying to take the underdog", and that still another juror re-

plied saying: "Big shot? What do you mean? We are tax payers." The jurors certainly must have known that any award of damages would be paid out of tax money. The mere mention of that fact during jury deliberation is not such misconduct as requires a mistrial. In our opinion the mere mention of the fact that an award of damages would be paid out of tax money does not under the circumstances show that appellant was denied the fair and impartial trial which it was entitled to under the law. Appellant's 4th point is overruled.

The judgment is affirmed.