Melvin S. COHN et al., Appellants,

v.

The STATE of Texas et al., Appellees.

No. 15447.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 6, 1969.

Rehearing Denied March 27, 1969.

Schlanger, Cook & Cohn, Joel W. Cook, Houston, for appellants.

Joe Resweber, County Atty., Charles J. Wilson, Asst. County Atty., Houston, for appellees.

COLEMAN, Justice.

This is an appeal of a condemnation suit. The only issue was the value of the land taken. The landowner was dissatisfied with the verdict of the jury and perfected this appeal.

In addition to his contention that the verdict was contrary to the great weight and preponderance of the evidence, appellant contends that the trial court erred in permitting a witness for appellee to testify concerning the sales price of certain parcels of land. It is appellant's contention that these parcels are not comparable primarily because they were divided into two or more tracts by streets or highways.

Appellee called to the witness stand Mr. James D. Hussion, who qualified as an expert on real estate appraisals. He testified that he had made a study of the subject property and the general area in which it is located, and that in his opinion the market value of the property on the date of taking was $29,920.00, or $8,000.00 per acre. He testified that in forming this opinion he considered certain sales of property which he thought comparable to the subject property. He then testified in detail about each tract of land, enumerating both the points of similarity and the features of the tract which were not similar.

The testimony of an expert witness concerning comparable sales which he has considered in reaching his opinion as to the value of the property under consideration is inadmissible to prove the fact of the sale and the sales price, but it is admissible to show the basis of the opinion value stated by the expert witness. State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207 (Tex.1962).

Here the trial court refused to sustain objections that the sales were not

comparable. The discretion of the trial court in determining whether or not a sale is sufficiently similar to be admissible as a circumstance influencing the expert witness in arriving at his opinion of value is very broad. In cases such as this, where the values by the expert witnesses vary widely, the jury needs some basis to judge the value of the experts' opinions in addition to their qualifications and experience. Testimony concerning the basis for the opinion should be helpful to the jury, and substantial safeguards against the misuse of such testimony are found in the instruction of the court limiting consideration by the jury of the testimony to the purpose for which it was admitted, and in the opportunity for the opposing counsel on cross-examination to show that the basis for the expert's opinion is unsound by showing the particulars in which the properties are not similar. State v. Oakley, supra; State v. Dickerson, 370 S.W.2d 742 (Houston, Tex.Civ.App., 1st Dist., 1963).

In State v. Dickerson, supra, we quoted with approval from Hays v. State, 342 S. W.2d 167 (Dallas Tex.Civ.App., 1960, ref., n.r.e.), a test for determining whether a sale is sufficiently similar to be admissible, as follows: "* * * should it appear that reasonable minds cannot differ from the conclusion that the evidence of another sale lacks probative force because of dissimilarities, remoteness in time and distance, or not being voluntary, then the trial court should exclude evidence of the details of such other sales."

■ Ordinarily objections to sales, offered by expert witnesses as comparable, on the ground of lack of similarity are considered as going to the weight of the evidence rather than to its admissibility. City of Houston v. Pillot, 105 S.W.2d 870, 872 (Tex.Com.App.1937); State v. Hays, 361 S.W.2d 401 (Dallas, Tex.Civ.App., 1962, ref., n.r.e.); State v. Helvey, 375 S.W.2d 744 (Tyler, Tex.Civ.App., 1964).

■ The trial court did not abuse his discretion in permitting Mr. Hussion to testify concerning the sales price of the properties which he considered in arriving at his opinion value in view of the instruction to the jury by the trial court limiting their consideration of the testimony to its proper purpose. Texas Power & Light Company v. Lovinggood, 389 S.W.2d 712 (Dallas, Tex. Civ.App., 1965, ref., n.r.e.); Holcombe v. City of Houston, 351 S.W.2d 69 (Houston, Tex.Civ.App., 1st Dist., 1961).

■ Hussion testified that the value of the property was $29,920.00, or $8,000.00 per acre. Expert witnesses produced by appellant testified that in their opinion the property was worth $146,500.00, $126,000.00, and $120,000.00, respectively. On a per-acre basis the figures were $38,204.00, $36,600.00, and $32,000.00. The jury found that the value of the 3.74 acre corner was $35,000.00, or $9,400.00 per acre. Hussion testified to six sales which he considered comparable ranging in price from $4,028.00 per acre to $7,500.00 per acre. Of the four sales relied upon by appellant's witnesses, two sold for $7,500.00 per acre, one sold for $17,-500.00 per acre, and the other a filling station site containing 30,269.9 square feet, sold for $50,000.00. The tract that sold for $17,500.00 per acre was adjoining the subject tract, but it was purchased by one who had leased a portion of the tract on which he conducted a business enterprise. This lease could be terminated in the event the two acre tract was sold. The filling station site was located on a corner in the City of Pasadena at a site having considerably more traffic than the subject property. All witnesses testified fully as to the methods used in arriving at their opinions of the value of the subject property, and concerning the data which each of them had accumulated on which to base the opinion. Appellee produced the testimony of an engineer, employed by the State Highway Department. His testimony, if believed, established that the access to the subject property was poor, a factor which was given considerable weight by Hussion, but, apparently, given little or no consideration by the witnesses produced by appellant. The value found by

the jury is more than the opinion value given by appellee's witness. We cannot consider the prices of alleged comparable properties, established only by the testimony of the expert witnesses, in determining whether the verdict of the jury is contrary to the great weight and preponderance of the evidence.

■ After studying the entire statement of facts we cannot say that the evidence is insufficient to support the finding of the jury, or that the finding is so against the great weight and preponderance of the evidence as to be manifestly unfair or unjust.

■ One of the properties considered by Mr. Hussion as comparable to the property in question was located at the interchange of Highways 146 and 225, and is referred to as Brown to Florence tract. This property consisted of 7.186 acres and was divided into two non-adjoining tracts by a highway. The tracts were under the same ownership, but one of the tracts did not have direct access to the freeway. Appellant objected to the use of this sale on the ground, "We do not know how much the buyer put on one tract and how much they put on the other tract in their own minds, and it cannot be comparable if it is a sale of two tracts." The witness was permitted to testify that the purchaser told him that he considered the portion of land with bay frontage more valuable than the part with highway frontage, and that he placed $5,000.00 an acre on the bay frontage and $4,500.00 an acre on the highway frontage. Appellant developed on voir dire that the witness had not talked to the seller and did not know how he allocated the consideration. He then objected to the testimony. The objection was overruled by the court. In this we think the court erred. The testimony of the purchaser to that effect would not have been admitted as direct evidence of market price since it merely partakes of the nature of an offer to buy and was only an opinion of one not testifying at the trial. Wichita Falls R. & F. Ry. Co. v. Cooper, 235 S.W. 927 (Fort Worth, Tex.Civ.App.,

1921). The error, however, was not one that was calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

■ Hussion testified, over objection, that it was his understanding that the Highway Department would frown on granting access to the property for traffic traveling east. The trial court admitted this testimony "as a basis for his opinion". Appellee had introduced testimony from an engineer with the State Highway Department that an entrance would be granted at the western 25 feet of the frontage on Highway 225 for eastbound traffic. The trial court did not err in admitting this testimony for the limited purpose stated. State v. Curtis, 361 S.W.2d 448 (San Antonio, Tex.Civ. App., 1962, error ref., n.r.e.).

Finally, appellant contends that the trial court erred in refusing to permit the witness Reed to testify that his opinion as to the value of the land in condemnation was supported by the lease of approximately one-third of an acre of land out of a tract adjoining the tract in condemnation for a period of five years beginning in November, 1959, at a price of $150.00 per month.

■ The trial court sustained an objection to the offer of evidence for the reason that the property was not comparable by reason of size and location; also because a leasehold estate is a different estate from a freehold estate; and because an opinion as to the value of a tract based on rents should not be permitted as the basis for an opinion as to value of a different tract because such an approach is too speculative and remote. The trial court did not err in sustaining the objections to this evidence. On the question of the comparability of the properties the trial court did not abuse its discretion. The evidence was subject to the objection that it was speculative and remote. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808 (1954); City of Corpus Christi v. Polasek, 404 S.W. 2d 826 (Corpus Christi, Tex.Civ.App., 1966,

no writ hist.); State v. Curtis, 361 S.W.2d 448 (San Antonio, Tex.Civ.App., 1962, error ref., n.r.e.).

The judgment of the Trial Court is affirmed.