**The STATE of Texas, Appellant,**

v.

**L. C. MARTIN et al., Appellees.**

**No. 14932.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 20, 1971.

Rehearing Denied Feb. 24, 1971.

Crawford C. Martin, Atty. Gen., Nola White, Alfred Walker, Exec. Asst. Atty. Gen., Watson C. Arnold, C. W. Pearcy, Alfred L. Shepperd, Troy C. Webb, Austin, for appellant.

Bobbitt, Brite, Bobbitt & Allen, San Antonio, for appellees.

BARROW, Chief Justice.

State brought this suit to condemn for construction of Interstate Highway 35 the fee to 6.776 acres, plus an easement to 0.024 acres for a drainage channel out of a 27.817 acre tract owned by appellees, L. C. Martin and wife Joe Bailey Martin, subject to a first lien in favor of appellee, Order of the Sons of Hermann. The jury found that the market value of the land taken was $4,800.00, and that the market value of the remainder immediately before the taking on February 16, 1967, was $35,000.00, and immediately after the taking was $32,200.00. Judgment was entered on said jury verdict whereby condemnees jointly recovered the sum of $7,-600.00. State has perfected this appeal complaining only of the award of remainder damage.

State asserts by fifteen assignments of error that there is no evidence to support the finding of damage to the remainder, or that such finding is against the great weight and preponderance of the evidence because the uncontradicted evidence showed that appellees had sold substantially all of the remainder prior to the date of taking.[1] It therefore asserts appellees are not entitled to any damages to such remainder as a matter of law and prays for a remittitur of $2,800.00. Since State did not file a motion for new trial, it is restricted on this appeal to its "no evidence" points. Rules 324, 374, Texas Rules of Civil Procedure; University of Texas: Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L. Rev. 361, 365 (1960).

It is settled law that for one to recover remainder damages, there must be a remainder on the date of taking. City of Austin v. Capitol Livestock Auction Co., 453 S.W.2d 461 (Tex.1970). It is undisputed that appellees sold approximately twenty acres out of the original tract,[1] but the crucial question before us on this appeal is whether the record establishes as a matter of law that such "remainder" was sold prior to February 16, 1967, the date of the taking by State.

In determining this "no evidence" question, we must keep in mind that the finding of the jury must be upheld if there is in the record evidence of probative value which, with the reasonable inferences therefrom, will support such finding. Furthermore, we must consider only that evidence, if any, which viewed in its most favorable light, supports the finding, and we must disregard all evidence which would lead to a contrary result. State v. Zaruba, 418 S.W.2d 499 (Tex.1967).

The land involved herein is located on Texas Highway 173, about a mile east of the City of Devine. Six witnesses testified: the supervising resident engineer on this job; appellee Martin; the three men who had served as special commissioners on this, as well as other tracts in the area, testified as expert witnesses on behalf of

---

1. It is conceded by appellees that there is no evidence of damage to only the remaining small plot.

Martin; and Scruggs Love, Jr., who testified as an expert witness on behalf of State. All witnesses, with the exception of Love, testified either directly or by clear implication that at the time of State's taking the 6.8 acres, the appellees were left with a remainder of approximately 21 acres which, with the exception of a small tract containing about ½2th of an acre, all would be in the southwest corner of the intersection created by Texas 173 and the proposed IH35.

The first witness was the engineer and through him, State introduced into evidence a multi-colored plat which showed such remainder and was clearly so identified by this State's witness. An aerial map was also introduced through this witness showing said area. Martin next testified and was cross-examined by State regarding the sales out of the "remainder," with little point being made of his unequivocal testimony that said sales occurred *after* the taking by State. All three of Martin's expert witnesses testified regarding the damage to the remainder, based on their opinions that the highest and best use of said remainder was for residential and agricultural use.

The final witness was Love, who testified that the remainder was actually enhanced by the taking in that its highest and best use became a service station site at the intersection which was thus created. After reference to sales of the three other corners as service station sites, Love testified that ten acres out of the remainder had been sold by Martin on February 7, 1967, as a service station site for $40,000.00, and that this sale had been confirmed with the purchaser. He also testified that two tracts totalling about ten acres had been sold on February 2, 1967, and on February 9, 1967, to the City of Devine for over $7,-500.00. Love had no personal knowledge of these sales, but testified these were the dates on the deeds as shown in the deed records.

Curiously enough, the deed records were not offered in evidence, and the State was apparently content at the trial to offer this testimony of these sales by Martin in support of Love's opinion that the highest and best use of such remainder was as a service station site. Nevertheless, State now asserts that Love's testimony as to the dates of such sales, although based on hearsay, was admissible under the rule laid down in State v. Oakley, 163 Tex. 463, 356 S.W.2d 909 (1962), as direct evidence that Martin had disposed of the remainder prior to the date of taking.

In *Oakley,* it was held that an expert witness may be permitted to testify concerning comparable sales of which he did not have first hand knowledge, for the limited purpose of showing a part of the basis of his value opinion. In doing so, the Court recognized that such testimony is inadmissible to prove the facts of such comparable sales. See also Austin v. Flink, 454 S.W.2d 389 (Tex.1970); State v. Baker Bros. Nursery, 366 S.W.2d 212 (Tex.1963); Cohn v. State, 438 S.W.2d 860 [Tex.Civ.App.—Houston (1st) 1969, writ ref'd n. r. e.]; 1 McCormick & Ray, Texas Evidence § 835 (2d ed. 1956); Rayburn, Texas Law of Condemnation § 125 (1960).

The only testimony in the record that appellees had sold the "remainder" before the time of taking is the hearsay testimony of Love. This hearsay evidence, although admitted without objection, is without probative force. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628 (1941). On the other hand, there is direct testimony by Martin, as well as his three expert witnesses, that the remainder was damaged at least $2,-800.00 because of the proposed overpass and its effect on the area. When this record is examined under the "no evidence" test, there is evidence to support the findings of the jury that the remainder was damaged.

The judgment is affirmed.