**Tom W. BRADFIELD et al., Appellants,**

**v.**

**The STATE of Texas et al., Appellees.**

**No. 12249.**

Court of Civil Appeals of Texas, Austin.

May 28, 1975.

Rehearing Denied June 18, 1975.

---

1. Ecclesiastes
"Of making many books there is no end; and much study is a weariness of the flesh."
12:12

The tract taken adjoins the southwest boundary of Zilker Park at the city limits of Austin.

Appellants state that the taking was procedurally correct and the only issue at trial was the value of the tract taken in December of 1970. The jury returned a verdict and judgment was rendered thereon against appellants for over $7,000. This sum represented the excess of the commissioner's award over the amount of the verdict. We reverse the judgment of the trial court and remand the case for a new trial.

Appellants are before us on five points of error; however, as we sustain their first point, we do not reach those remaining points which, in all likelihood, will have no bearing on retrial. Appellants' first point is the error of the court in permitting the State's only appraisal witness to testify concerning his consideration of the "Coleman comparable" because the sale was a distress sale under economic compulsion, a fact known to the witness.

Appellants' witnesses stated that, in their opinions, the value of the tract in question was $358,700, $343,152, and $415,507.

The State's only appraisal witness testified that, in his opinion, the value of the tract taken was $250,000. The jury verdict was for $250,000.

The parties hereto agree that the Coleman property was the key comparable to the State's case so, for our purposes, we need not further describe it or the other sales admitted into evidence. The State's appraiser testified that in his opinion the Coleman property was sold below the market value and that he was reliably informed by both buyer and seller that this property was conveyed under economic duress and pressure for monetary relief for the seller. His own notes, used during his testimony, reflected the following: "reliably informed by both buyer and seller

Hume Cofer, Austin, for appellants.

Ned Granger, County Atty., Ralph A. Rash, Asst. County Atty., Austin, for appellees.

PHILLIPS, Chief Justice.

This is a condemnation case in which the State and Travis County took 25.72 acres for highway purposes from the appellants.[1]

1. Appellants are Mr. and Mrs. Tom W. Bradfield, Mr. and Mrs. Donald H. Cummins, and Mr. and Mrs. Robert Mueller, Jr.

property was conveyed under economic duress and pressure for monetary relief."

This appraiser testified that because of the presence of the element of economic duress he made an "adjustment" in the value of the tract. Counsel for appellants then asked him this question: "In order to use this as a comparable, it was necessary was it not, for you to apply a judgment adjustment to the $200,000, based upon this information, this reliable information, which you noted on your information sheet. You couldn't fairly just use the $200,000 knowing of that information, could you?" The appraiser replied: "Again I'm reaching back a long way. Certainly I made adjustments but the first adjustment would be the time adjustment. Will you restate your question, I'm trying to remember two things at one time." Counsel again asked: "Well, you said a while ago that you thought $200,000 was below market value. In order to use it fairly in an appraisal you had to adjust it and that adjustment depended upon your judgment, didn't it?" The State's appraiser answered: "It would have to." While admitting that, under the circumstances, any adjustment of the amount received for the forced sale would have to be "up," this witness admitted that he did not know how much of an adjustment he had made and that this figure was not reflected in any of his records.

In order to use sales of other property as bearing on the market value of the subject property, it is necessary to show reasonable similarity that the sales were not compulsory, but were free and open, and not too remote. The sale of the property in question was not free and open and the testimony regarding that sale should not have been admitted into evidence. To do so was reversible error. Robards v. State, 285 S.W.2d 247 (Tex. Civ.App.1955, writ ref'd n. r. e.). City of Austin v. Flink, 454 S.W.2d 389 (Tex. 1970).[2]

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

O'QUINN, J., not participating.

2. See also: State v. Weidel, 385 S.W.2d 625 (Tex.Civ.App.1964, no writ); State v. Vick, 376 S.W.2d 89 (Tex.Civ.App.1964, no writ); State v. Curtis, 361 S.W.2d 448 (Tex.Civ. App.1962, writ ref'd n. r. e.); Phelps v. State, 157 S.W.2d 955 (Tex.Civ.App.1942, no writ); Too Fan v. City of El Paso, 214 S.W. 2d 158 (Tex.Civ.App.1948, no writ); and Menchaca v. San Antonio Independent School District, 297 S.W.2d 363 (Tex.Civ.App.1956, writ dism'd).