**R. E. CROUCH, a Widow, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14979.**

Court of Civil Appeals of Texas.

Houston.

March 23, 1967.

Oldham & Lorance, Houston, for appellant, Beatty Oldham, Houston, of counsel.

Crawford Martin, Atty. Gen., Hawthorne Phillips, T. B. Wright, Carroll R. Graham, Robert D. McGee, Albert L. Derden, Asst. Attys. Gen., Austin, for appellee.

WERLEIN, Justice.

Appellee, The State of Texas, brought this suit to condemn 17.768 acres of land out of the center of a rectangular tract containing 106.302 acres of land in the Sealy Subdivision, San Felipe de Austin Town Tract 5 League Grant, Abstract 5, in Austin County, Texas, located southwest

of the town of Sealy. The jury, in answer to special issues, awarded the sum of $6,216.80 for the land taken consisting of 17.768 acres, and found that the cash market value of the remaining land before and after the taking was respectively $30,986.90 and $29,936.90, thus resulting in a loss of $1,050.00 in the value of the remaining land. Appellant asserts that the trial court erred in failing to grant her a new trial because the verdict of the jury was so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust and unfair, and also that the court erred in excluding evidence of certain sales offered by appellant and in admitting evidence of certain sales offered by appellee, as being comparable to the land condemned.

The evidence shows that the west boundary of appellant's 106.302 acres was a county road some 40 feet in width. The tract had no frontage upon any other road or highway. In connection with the construction of Interstate Highway No. 10, which runs in approximately an easterly and westerly direction across appellant's tract of land, appellee constructed an elevated bridge or overpass some 17 or 18 feet above the ground level on said county road over Highway 10 with the necessary elevated grade approaches along and over said road to such bridge, thus cutting off appellant's access to such road with the exception of some 385 feet on the county road remaining at the ground level at the northwest corner of appellant's land and a similar 385 feet at the ground level at the southwest corner of appellant's tract. The bridge and its approaches cut off approximately 700 feet of the frontage appellant's land formerly had on the county road.

Interstate Highway 10 is a controlled access highway. There are no frontage or service roads constructed or contemplated on either side of Interstate 10 across appellant's land. Such highway, therefore, cuts appellant's tract of land into two separate tracts, the northern tract consisting of some 36.834 acres and the southern tract of some 50.7 acres. There is no way in which appellant can get from one of such tracts to the other without going out on the county road and traveling along and over the approaches and bridge thereon. In order to get onto Interstate 10 appellant would have to go from one or the other of the remaining tracts to the county road and on it to Highway 90 or some other road. The distance from appellant's remaining tracts to the nearest interchange where she could go on or leave Interstate 10 is approximately a mile.

We have read the entire statement of facts with the exception of the exhibits which have not been brought up to this Court, and have concluded that we cannot say that the jury's answers to the special issues submitted are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. The jury evidently believed appellee's witnesses and felt that the opinions expressed by them with respect to market values were more reliable than the opinions of appellant herself and of her witness, Mr. Marik.

Appellant testified that she was convinced that her land was worth no less than $700.00 per acre. She also testified that her land overlooked the City of Sealy and was very desirable for residential use, which was coming her way; that she "would certainly not put a value of less than $700.00 an acre in five, three, four, five, six, whatever a person wanted in each tract." She also testified she had no immediate plans for a subdivision of the property but was waiting to see what the Highway was going to do; that she leased it for grazing rather than have it vacant and that she was hoping for a better price for it in the future; and that the land was bought with the intention of the development of the city in the future.

Appellant's witness, Charles Marik, a landowner in Austin County, and a buyer of oil and gas leases and dealer in real estate and ranches, and a licensed real estate broker, testified that he would put a value

of $600.00 an acre on appellant's entire acreage; that in his opinion the value of the remaining tract of 50.7 acres south of Highway 10 would be worth only $400.00 an acre after the taking, and the 36.834 acre tract north of the highway would be worth only $500.00 an acre after the taking. He also testified that he had considered appellant's land for residential property for a subdivision or town lots, and that he considered its highest and best use was for a subdivision or town or residential lots, and that the value he placed on it was for a piece of property suited for a subdivision for town lots. His opinion was based upon certain tracts of land which he considered comparable.

Appellant offered in evidence in connection with the testimony of Mr. Marik two pieces of property near the property in question, consisting of approximately one and two acre tracts. The court sustained the objections of appellee that such sales were not comparable to the property in question. The court did permit such witness, however, to testify that he knew of a sale of a five acre tract which sold for $800.00 an acre, and a sale of an undivided interest out of 80 acres, or approximately 66 acres, which sold for $500.00 an acre. The latter sale was of two remaining tracts across the county road from appellant's property.

Appellee's witness, Mr. Wylie Houston, who was well qualified as an appraiser, after testifying to certain tracts he considered comparable, placed a value of $350.00 an acre on appellant's entire tract. He testified that he was familiar with the sale of the two remainders directly across the county road from the subject land lying on both sides of Interstate 10, and that such sale convinced him that the remaining portion of Mrs. Crouch's land had suffered no damage by reason of the taking, other than the cost to refence the north and south right of way lines.

Mr. Charles Osenbaugh, called by appellee, also a well qualified realtor and appraiser, after testifying to certain tracts which he considered comparable, placed a value of $350.00 an acre on the land condemned and also a value of $350.00 per acre for the land in the remaining tracts both before and after the taking, thus finding that no damage resulted to the remaining tracts, other than the cost of fencing the north and south right of way line of Highway 10. The highest value placed on the fencing was $1,050.00, which also represents the difference in the value of the remaining portions of land before and after the taking as found by the jury. Appellant objected to the court permitting appellee's two appraisal witnesses to testify to certain comparable sales as the basis for their expert opinion of the value of the land in question.

■ We cannot say that the court abused its discretion in refusing to permit appellant to introduce evidence of a 1½ acre tract and of a two acre tract, since such small tracts were located on Highway 90 adjacent to the city limits of the town of Sealy, and in a subdivision thereof, with water and electric light available, and apparently not in any way comparable to appellant's tract of land. Nor can we say that the court abused its discretion in permitting appellee's witnesses to testify to certain comparable sales in the vicinity of the town of Sealy, consisting of 45.033 acres, 50.381 acres, and 116 acres, testified to by Mr. Houston, and four sales of 90 acres, 45 acres, 45 acres, and 50 acres, respectively, testified to by Mr. Osenbaugh. In connection with the admission of such sales the jury was instructed that the testimony was offered for the limited purpose of showing the basis of the witnesses' conclusions as to value of appellant's property. State v. Oakley, 1962, 163 Tex. 463, 356 S.W.2d 909.

■ In City of Austin v. Cannizzo, 1954, 153 Tex. 324, 267 S.W.2d 808, the court held that recent sales of comparable prop-

erty should not be restricted to the narrow area west of Kinney Avenue and south of Barton Springs Road, but that recent sales of other property in the City of Austin meeting the test of similarity should be admitted. The court, in State v. Curtis, Tex.Civ.App.1953, 361 S.W.2d 448, ref. n. r. e., held with respect to comparable sales that it is sufficient if it can be shown as a predicate that the lands involved in prior sales are similar to those taken.

■■ The trial court has great discretion in determining whether sales offered in evidence are comparable to the land condemned, and as to the admissibility of testimony relating to market value of the property. Bruner v. State, 391 S.W.2d 149, Tex.Civ.App.1965, ref., n. r. e.; State v. Evans, 340 S.W.2d 99, Tex.Civ.App.1960, ref., n. r. e.; State v. Childress, 331 S.W. 2d 230, Tex.Civ.App.1959, ref., n. r. e.; Morgan v. State, 343 S.W.2d 738, Tex.Civ. App.1961, ref., n. r. e.; State v. Hamman, 377 S.W.2d 727, Tex.Civ.App.1964, n. w. h.; Melton v. State, 395 S.W.2d 426, Tex.Civ. App.1965, ref., n. r. e. The court's decision that there is sufficient similarity cannot be reviewed except to determine whether there has been an abuse of discretion. State v. Hamman, supra, and authorities there cited.

We have carefully considered the sales testified to by the witnesses of appellant and appellee, and the sales which were admitted in evidence, and those excluded, and have concluded that we cannot say that the court abused its discretion in connection with the admission or exclusion of the sales complained of by appellant. We are further of the opinion, in light of the whole record, that appellant has failed to show harm or reversible error in the case. Rule 434, Texas Rules of Civil Procedure.

Judgment affirmed.

COLEMAN, J., not sitting.