**CITY OF ABILENE, Appellant,**

v.

**W. H. BLACKBURN, Jr. et al., Appellees.**

No. 4333.

Court of Civil Appeals of Texas.

Eastland.

Oct. 31, 1969.

Rehearing Denied Nov. 28, 1969.

Ben Niedecken, Jr., City Atty., Don R. Butler, Whitten & Butler, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Bob Surovik, Abilene, for appellees.

COLLINGS, Justice.

The City of Abilene brought this eminent domain proceeding against W. H. Blackburn, Jr., and others to acquire certain property belonging to the defendants for the purpose of expanding the Abilene municipal airport. The case was tried before a jury which found that on June 26, 1968, the time at which the 35.34 acres of land was taken by the City for the enlarging and improvement of its airport, the property including improvements had a market value of $21,534.00; that the market value of the remaining 106.82 acres prior to the taking by the City was $61,421.50, and that the value of such remainder after the taking was $53,410.00, which difference amounted to $8,011.50. Based on the verdict, judgment was rendered for defendants in the amount of $29,545.50. The City of Abilene has appealed.

Appellant presents 12 points complaining of the action of the court in admitting testimony, and several points contending that there was no evidence to support the findings of the jury upon which the judgment is based, or that such findings are against the great weight and preponderance of the evidence. We will first consider the points complaining of the alleged improper admission of testimony.

In appellant's 10th, 11th and 12th points it is contended that the court erred in allowing testimony (10) as to the possibility of the remainder of appellees' land being annexed by the City of Abilene, (11) erred in allowing testimony as to the possibility or necessity of the acquisition of air easements over the remainder of appellees' property and (12) erred in allowing testimony as to the possibility of zoning regulations, or other police power regulations being enacted which might affect the remainder of appellees' property. In our opinion the evidence complained of showed that the City of Abilene in its plan of annexation contemplated aerial easements or zoning restrictions which would affect the remainder of appellees' property and that such evidence was properly admitted because it was material to a determination of the market value of the property after the completion of the airport expansion project. In the case of City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808 (1954), Justice Calvert, speaking for the court, stated as follows:

"We are unwilling to lay down a hard and fast rule that in arriving at market value consideration may never be given to a use for which property is reasonably suitable and adaptable but which use is presently prohibited by a zoning ordinance. It is a matter of common knowledge that cities frequently lift zoning ordinances or reclassify property in particular zones when the business or wants of the community justifies that type of action in the interest of the general public welfare. At the same time, we cannot announce a rule, except in general terms, that should be applied in all cases where zoning ordinances or other legal restrictions existing at the time of the taking prohibit the use of the property for purposes other than those to which it is devoted. If the trial judge is satisfied from the evidence as a whole that there is no reasonable probability that existing restrictions may be lifted within a reasonable time, he should exclude evidence of value based on use for any purposes other than those to which it is restricted. On the other hand, if it appears reasona-

bly probable to the trial judge that the wants and needs of the particular community may result, within a reasonable time, in the lifting of restrictions, he should admit testimony of present value based on prospective use of the property for purposes not then available."

It is held that a wide range of factors may be considered by qualified witnesses as a foundation for their opinion as to depreciated market value of property involved in condemnation cases and that the parties in such cases have the right to introduce evidence of anything which would tend to affect the value of the land in the eyes of a prospective purchaser or which would tend to make it more or less valuable to the owner. South Texas Electric Cooperative, Inc. v. Ermis, 396 S.W.2d 955, (Ct.Civ.App., 1965, no writ history) and cases cited therein. See also City of Beverly Hills v. Anger, 127 Cal.App. 223, 15 P.2d 867. Appellant's 10th, 11th and 12th points are overruled.

In its 4th, 5th, 6th, 7th, 8th and 9th points appellant complains of the action of the court in admitting testimony as to the sales prices of several claimed comparable tracts of land which were smaller in acreage than the tract here taken by the City, which smaller tracts had previously been cut up from larger pieces of land in the general vicinity of the land here condemned. Appellant contends that the evidence concerning such sales was not admissible because the sale of such smaller tracts by reason of their size were not comparable to the 35.34 acre tract being condemned by the City. None of the sales involved lots from a subdivision. The evidence of the sales of such smaller tracts of which appellant complains involved tracts varying in size from 5 acres up to 10, 14, 15 and 25.5 acres at prices ranging from Six Hundred to Seven Hundred Dollars per acre depending upon the availability of water. The jury found, in effect, that the value of the land here condemned and damaged before the taking was $575.00 per acre.

It is held that when sales of other lands are referred to by way of comparison, such lands must be so situated and so similar in character as to afford a fair basis of comparison, and such sales must not be too remote in time or distance to be treated as similar sales. 22 Tex.Jur.2d 426; Housing Authority of City of Dallas v. Shambry, 252 S.W.2d 963, (Ct.Civ.App., 1952, writ ref.); Curfman v. State, 240 S.W.2d 482, (Ct.Civ.App., 1951, ref. n.r.e.). It is further held to be largely within the sound discretion of the trial court to determine whether claimed comparable sales are so similar and near enough in time and distance to be admissible in evidence. 22 Tex.Jur.2d 425; Cravens v. City of Amarillo, 309 S.W.2d 903, (Ct.Civ.App., 1958, dism. WOJ); State v. Childress, 331 S.W.2d 230, (Ct.Civ.App., 1959, ref. n.r.e.); Crouch v. State, 413 S.W.2d 141, (Ct.Civ.App., 1967); State v. Hamman, 377 S.W.2d 727, (Ct.Civ.App., 1964, no writ history); Holcombe v. City of Houston, 351 S.W.2d 69 (Ct.Civ.App., 1961, no writ history). In our opinion the court did not abuse its discretion in admitting evidence of the sales complained of. Such sales involved lands in the general vicinity of that being condemned and although the tracts involved were smaller they were not so dissimilar as to render them inadmissible. Appellant's witness Wayne Austin testified concerning the sale of a 20 acre tract for $375.00 per acre and the sale of a 25.5 acre tract for $500.00 per acre. The size of these tracts do not differ greatly from that of the tracts of which appellant complains. Appellant's witness also testified concerning sales of other tracts ranging up to 243 acres in size which tracts were much less comparable to the land being condemned than those of which appellant complains. Appellant's 4th, 5th, 6th, 7th, 8th and 9th points are overruled.

In appellant's first 3 points it is contended that the court erred (1) in permitting appellees to introduce evidence concerning the consideration paid by the City in the purchase of other land for the expansion of its airport and (2) erred in admitting

such evidence as a basis for expert witnesses to arrive at an opinion of the value of the property involved and (3) that the court erred in refusing to grant appellant's motion to strike such testimony.

These points complain of the introduction of evidence concerning the sale in 1964 of a 40 acre tract, in the general vicinity of the property here involved, by C. R. Pennington to the City of Abilene. Appellees contend that the evidence of the sale by Pennington to the City was properly admitted, urging that it was undisputed that the sale was made voluntarily and was not made to avoid condemnation proceedings or the threat thereof; that the sale of the Pennington tract to the City was made four years prior to the condemnation proceedings here involved, and no showing was made that the land was used for the airport project or for any other City project. Appellees further contend that no error is shown because the evidence was admitted for the limited purpose of being considered by the witnesses as a basis for arriving at an expert opinion concerning the value of the land.

The record shows that Mr. Pennington testified that he purchased two tracts of land each of approximately 40 acres, and that he had sold smaller tracts totaling 40 acres out of the 80 acres ranging in size from 5 to 14 acres at prices ranging from Six Hundred to Seven Hundred Dollars per acre. He further testified over objection that the remaining 40 acres was taken by the City which paid him $750.00 per acre for the tract. He stated that Mr. Patterson for the City came to his office and asked him what he wanted for the property; that he thereafter wrote a letter to the City stating that he would sell the 40 acre tract for $750.00 per acre and that the City drew up the papers and paid him in cash and did not argue with him about the price. Mr. Pennington testified that in his opinion the value of appellees' property was $400.00 to $500.00 per acre prior to the taking.

Appellees' expert witness Mr. Ira Duck testified that the property taken by the City had a value of $700.00 per acre; that on such basis the part taken including the value of improvements thereon had a value of $32,738.00. He further testified that the remainder of the land had a value of $700.00 per acre or a total of $74,774.00 before the taking, and a value of $250.00 per acre or a total of $26,702.00 after the taking. He also testified over objection concerning the sale of the 40 acre tract from Pennington to the City for $750.00 per acre.

■ It was error for the court to permit appellee to introduce evidence concerning the price paid by the City to Mr. Pennington for the 40 acre tract in the general vicinity of the property here involved, even though the court instructed the jury that such evidence was admitted solely as a basis for consideration by expert witnesses in arriving at an opinion as to the value of the land being taken by condemnation. The City of Abilene had the power of eminent domain, and the sale by Pennington to the City did not meet "the willing seller-willing buyer concept." In Leon v. State, 426 S.W.2d 562, (Tex.Sup.Ct., 1968), the court in discussing this question states as follows:

"Objection to the testimony of the State's expert witness as to sales made to the University should have been sustained. Our courts have consistently held that proof of sales of property to a corporation or a governmental agency having power of eminent domain is not admissible in a condemnation suit. As examples, see State v. Curtis, 361 S.W. 2d 448 (Tex.Civ.App.-San Antonio 1962, writ ref'd n.r.e.); Menchaca v. San Antonio Ind. Sch. Dist., 297 S.W.2d 363 (Tex.Civ.App.-Waco 1956, writ dism'd). The reason for excluding proof of such sales is that they do not meet the willing seller-willing buyer concept; they are made under a direct or an implied threat of condemnation and, theoretically at

least, are not free and voluntary. State v. Curtis, supra. There is even less reason for permitting an expert witness to consider such sales in arriving at an opinion as to the value of property being taken through condemnation and to testify to the prices paid. The rule of State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207 (1962) cannot thus be expanded to get inadmissible value evidence before a jury."

In answer to special issues numbers 2 and 3 it was found by the jury (2) that the market value of appellees' remaining 106.82 acres of land exclusive of the condemned 35.34 acres immediately before the condemnation was $61,421.50, (3) that the market value of appellees' remaining 106.82 acres after the taking of the 35.34 acres was $53,410.00. In appellant's 13th, 14th, 15th and 16th points it is contended that the court erred in granting judgment for appellees based upon such findings because there was no evidence of probative force to support same, and that such findings were contrary to the great weight and preponderance of the evidence. Appellant's argument in support of its contention that there is no evidence, or insufficient evidence, to support the jury findings in question is based upon the assumption that the evidence of comparable sales relied upon by appellees was inadmissible and therefore constitutes no evidence and should not be considered. Appellant asserts that "it is obvious that upon taking away the inadmissible sales of other property—you have no evidence whatever to support the answers of the jury to issues 2 and 3." We are of the opinion that there was not only some evidence but that a consideration of the record as a whole shows that there was sufficient evidence to support the questioned findings of the jury.

Appellant's witness Patterson testified that the value of the remaining 106.82 acres prior to the condemnation of the 35.34 acres was $40,000.00 and that the value of such remaining land after the taking was $38,000.00. Appellant's witnesses Austin and Compere both testified that the value of the remainder before the taking was $37,810.00 and that the value of such remainder after the taking was $35,000.00. Appellees' witness Duck testified that the value of such remainder before the condemnation was $74,774.00 before the taking and that the value of such remainder after the taking was $26,705.00. Appellee Blackburn testified that the value of the remainder before the taking was $74,774.00 and stated that he did not know what the value of the remainder was after the taking. Appellees' witness Pennington testified that the value of the remainder prior to the condemnation proceeding was between four and five hundred dollars per acre. The jury found that the remaining 106.82 acres had a market value before the condemnation proceeding of $61,421.50 and that after the taking such remainder had a value of $55,410.00. The findings of the jury are amply supported by the evidence and are well within the limits of the testimony of the witnesses. Appellant's 13th, 14th, 15th and 16th points are overruled.

As heretofore noted we hold that the court erred in admitting testimony concerning the price paid by the City of Abilene in 1964 to Pennington for a 40 acre tract in the general vicinity of the land here involved. Appellees contend that even if the court did err in admitting such evidence there is no showing that the error probably caused the rendition of an improper judgment, or probably prevented appellant from presenting his case on appeal and that the error was, therefore, harmless. We agree with appellees' contention. The question is governed by Rule 434, Texas Rules of Civil Procedure:

"* * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and

probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court, * * *"

In Texas Power & Light Co. v. Hering, 224 S.W.2d 191 (Tex.Sup.Ct., 1949), it was held as follows:

"* * * Whether particular error was 'reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case' is always a judgment call to be made according to the reviewing court's 'opinion' from a review of the entire record in the case * * *" 426 S.W.2d 562.

It is also held that the burden of showing probable cause in such cases is on the complaining party and in determining whether the complaining party has been harmed the appellate court will decide the question by the consideration of the record as a whole.

In the instant case the error in admitting evidence concerning the price paid by the City to Pennington for the 40 acre tract in 1964 was the only error shown on this appeal. There was other evidence in the case which amply supported the verdict. Appellant's contention to the contrary is based entirely upon the erroneous assumption that the evidence of comparable sales relied upon by appellees was inadmissible and as a matter of law amounted to no evidence at all. It is also to be noted in this case that the fact that the price of $750.00 per acre paid by the City for the 40 acre Pennington tract is not greatly in excess of comparable sales of other tracts in the general vicinity of the land taken for six hundred to seven hundred dollars per acre. In our opinion the error of the court in admitting testimony concerning the price paid for the Pennington 40 acre tract was not such an error as to amount to a denial of appellant's rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment or that probably prevented the

appellant from making a proper presentation of the case to this court.

Since no reversible judgment is shown, the judgment is affirmed.