**CLIFCO, INC., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 17073.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 16, 1970.

Rehearing Denied Feb. 13, 1970.

Cantey, Hanger, Gooch, Cravens & Munn, and Jack C. Wessler, Fort Worth, for appellant.

Brown, Herman, Scott, Young & Dean, and Richard E. Miles, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Condemnation case. Appeal by condemnee. There was no dispute relative to right to condemn. The dispute related to the matter of fair compensation for the property taken and to the matter of damages sustained by condemnee because of diminution in value of its adjacent land. No issue existed relative to damages flowing from any other source.

Affirmed.

Condemnor was the State of Texas. Purpose of condemnation was to acquire additional right-of-way for highway purposes so that the existent highway might ultimately be widened into a thoroughfare with divided traffic lanes. The construction contemplated was not of a limited access facility of the nature of a modern expressway. Condemnee was Clifco, Incorporated, hereinafter termed Clifco, or referred to as condemnee. It is important to note that Clifco may be considered as the *alter ego* of Art Clifton, President and owner of all Clifco's corporate stock.

■ In answer to special issues the jury found that $15,500.00 was the market value of the condemned 1.52 acre strip, considered as severed land, and that $25,000.00 was the market value of the condemnee's remaining 3.679 acres of land immediately prior to such condemnation and also afterward. Clifco was dissatisfied with all the findings, and with the judgment based thereupon.

With respect to the "before and after" values of the condemnee's retained property, found as $25,000.00, we have no doubt that the jury findings in such regard should be deemed conclusive. Clifco was Art Clifton's *alter ego*. Clifton testified to these values. The jury findings are supported by other expert testimony having probative force and effect. Neither finding was contrary to the greater weight and preponderance of the evidence, even if Clifton's testimony be disregarded.

Relative to the $15,000.00 valuation placed upon the condemned acre and one-half we are presented with a different situation. The jury generally disregarded the values to which the condemnee's witnesses testified. Condemnee presents points of error to the effect that there is no evidence to support such jury finding, and alternatively contends that the jury finding is contrary to the great weight and preponderance of the whole of the evidence. We have examined the record. We overrule the contentions.

"Market value" definition guiding the jury was that of the Carpenter case. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979 (1936). No circumstance of the case created a condition requiring any other definition. Condemnee's contention to the contrary is overruled. We have heretofore considered and discussed a similar contention in Bruner v. State, 391 S.W.2d 149, 156 (Fort Worth, Tex.Civ.App., 1965, writ ref., n. r. e.).

There are contentions made having relation to what condemnee deems to have been improper restriction placed upon proffered testimony relative to the condition of the condemned right-of-way and the highway itself during the construction of additional pavement. We do not observe any undue restriction imposed, but even if such had occurred it could have had prejudicial effect upon the rights or interests of the condemnee only with respect to the property left to it after the State acquired the one and one-half acre strip. As to this Clifco is not in position to make a legitimate complaint in view of the fact that the jury accepted Art Clifton's opinion on the value of the remaining property, both before and after condemnation, and made findings in accord. Clifco did not seek any damages for temporary interruption of or loss of business incident to any operation carried on at the premises it continued to possess.

In view of what has been stated our duty is to examine the events upon trial which might have had a bearing upon the jury's finding of $15,500.00 as the value of the one and one-half acre strip condemned, with particular attention devoted to the determination of whether reversible error might have been a factor in the jury's failure or refusal to find that such property had a greater value.

■ One point of error has relation to the admission into evidence of what was by the State contended to constitute "comparable sales". The State's expert witnesses referred to them as having been taken into consideration as a basis for their

opinions on the market value of the condemned property. Such testimony was received into evidence for that limited purpose, but Clifco nevertheless objected on the ground that such sales were not comparable and were improper to be considered.

This court had occasion in Bruner v. State, supra, to review the nature of the discretion lodged in the trial judge relative to the admission and/or exclusion of evidence upon "comparable sales" used for such purposes. Here we have no doubt that the evidence complained of was properly admitted for the purpose tendered, i. e., as a basis for the witnesses' opinion upon the market value of the property condemned. In any event there was no abuse of discretion in permitting such evidence to be introduced.

On the propriety of "comparable sales" evidence in condemnation cases see Hays v. State, 342 S.W.2d 167 (Dallas, Tex.Civ. App., 1960, writ ref., n. r. e.); and State v. Sides, 348 S.W.2d 446 (Dallas, Tex.Civ. App., 1961, writ ref., n. r. e.).

■ Complaint is made because of a certain statement made by the trial judge. The statement was to the effect that the court could see no legal distinction between a general classification of zoning for a business purpose and a special use permit for the same purpose (in the municipality of Southlake, where the condemned property was located). Actually the experts' opinions upon value had already been received in evidence and the matter complained of occurred at a time when Clifco was attempting to weaken the force of those opinions by insistence that sales considered by the experts as comparable were not so in fact.

It was established that the condemned property had been "zoned" commercial, a rare circumstance relative to property in the municipality. The commercial use of other property like unto that condemned was authorized under special use permits. Or-

dinarily commercial use under permit would not constitute it as equivalent, for market value appraisal purposes, to property commercially zoned. However, as already indicated, we believe that evidence properly received on trial factually raised the question of comparability of such property for consideration by the jury in a deliberation upon and consideration of the expert opinions on the value of the property condemned.

The State sought to establish by evidence that the value of property in Southlake was not enhanced by having been zoned for commercial purposes; that the policy of the municipality was so liberal toward those who desired to put property otherwise zoned to commercial use that it had adopted the policy of automatically granting, upon application, special permits enabling such use, and that sales of property suitable for commercial use and subject to that use under special permit would be comparable to sales of property commercially zoned. In the course of the introduction of opinion testimony on the value of the property condemned expert witnesses had indicated that such had been deemed comparable.

In the presentation of such proof the State used the Mayor of Southlake. He testified that generally whenever any particular property was desired to be used for a commercial purpose a special use permit was automatically granted upon "reasonable request" made thereafter. It appeared from the Mayor's testimony that to grant special use permits was more or less the public policy of the municipality. Nevertheless, it was shown by cross-examination that the authority to refuse to grant the special use permit remained in the municipal authorities; it simply had never seen fit to refuse any application presented.

Condemnee's attorney sought to emphasize the fact that the governing authorities of Southlake were the exclusive judges of what was or not a "reasonable request" for a special use permit; and that because they were, and because the ultimate author-

ity must be acknowledged to rest in them for exercise at their discretion, a sale of property in the municipality which had been zoned commercial could not be a comparable sale to one of property not so zoned, but as to which a special use permit would have to be requested and issued before it could be similarly used. It was incident to the interposition of an objection made by condemnee Clifco's attorney to the examination of the State's witness, in the emphasis of his contention that it was impossible to have comparability of such sales that the court's remark was uttered. Speaking to the objection made by Clifco's counsel the trial court Judge said, "Well, I'll overrule it. I still don't see the difference as a matter of law." This was the statement of which condemnee makes strenuous complaint.

Clifco did not at any time take a Bill of Exceptions to the court's remark. At most it was a comment on the weight of the evidence. In absence of complaint error was waived. State v. Wilemon, 393 S.W.2d 816 (Tex.Sup.1965); 56 Tex.Jur.2d, p. 427, "Trial", Sec. 90, "Comments permitted in rulings". The point of error is overruled.

■ Condemnee Clifco grounds a point of error in complaint of the admission of "original" evidence tendered by the State, at the "rebuttal" stage of the proceedings. Clifco contends that reception thereof came at a time and under circumstances which rendered it reversibly prejudicial.

We overrule the condemnee's complaint. It has oftentimes appeared that Texas trial courts are ultra liberal in respect to the admission of original evidence at the stage of the trial where orderly and efficient procedure would restrict the character of evidence received to that truly in rebuttal. However, in order for reversible error to exist because of the admission of such evidence the complainant is obliged to demonstrate that its reception was an abuse of discretion, and that because of the re-

ception harm resulted to the complainant. Here neither element is present.

■ Clifco advances further complaint of an event taking place while its closing argument was being presented. During the course of the argument the attorney for the State took exception to a statement made by the Clifco attorney. Without time for action by the court, on an objection made by the State's attorney, counsel engaged in an exchange of charges and counter-charges. Without the trial court having ever intervened or ruled in any way the attorneys ceased in their exchange and Clifco's attorney continued with his argument to the jury. No objection was made by Clifco's counsel and no instruction of the jury by the court was ever requested.

Under the circumstances Clifco cannot demonstrate reversibility unless it shows that the error which occurred, if such it was, was of the incurable type, i. e., that an instruction of the court to the jury that it should disregard the exchange between and statements made by the attorneys would have been ineffective. The error with which we are concerned would fall within the classification of "curable" errors if it be presumed that the jury would abide by such direction of the court and would obey the instruction to disregard. Younger Brothers, Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546 (1959). We hold that error, if any, was curable by an instruction. There having been no request therefor the error, if any, was waived. Since error, if any, would be of the "curable" type the question of harm would not be reached. Nevertheless we are of the opinion that the error, if any, was harmless in any event.

What we have written, hereinabove, controls disposition of the case on appeal. Each point of error presented has been severally considered whether or not specifically mentioned in the opinion. All are overruled.

Judgment is affirmed.