W. D. DeSANDERS, Appellant,

v.

TEXOMA PIPE LINE COMPANY, Appellee.

No. 8361.

Court of Civil Appeals of Texas, Texarkana.

June 22, 1976.

Howard Smith, Smith, Johnson & McDowell, Sulphur Springs, Woodrow Edwards, Mt. Vernon, for appellant.

Ramey & Allison, Sulphur Springs, Kenley, Boyland, Hawthorn, Starr & Coghlan, Longview, for appellee.

CORNELIUS, Justice.

This is a condemnation case in which appellee acquired a pipeline easement across appellant's ranch. The jury awarded appellant $2,193.00 for the value of the easement taken, but found that no damage was done to the remainder of the ranch. The appeal contends that (1) the jury finding of no damage to the remainder is against the great weight and preponderance of the evidence, (2) since no damage to the remainder was found the damages awarded are manifestly too small, and (3) the judgment should be set aside because the jury was allowed to consider statements in appellee's petition and expressions by certain witnesses to the effect that appellant could continue to use his land the same after the taking as before.

The easement is fifty feet (50′) in width, encompasses 7.31 acres and bisects the ranch in a Northwesterly-Southeasterly direction. The ranch contains 1627 acres and is partly open and partly timbered. All evidence indicated that its highest and best use is for agricultural or cattle grazing and for recreational purposes. Improvements consist of barns, outbuildings, a ranch manager's house and appellant's cabin. In addition, there are some ten to fourteen lakes and pools on the property. The nearest improvements are located some three-fourths of a mile from the easement. Two creeks cross the ranch, and some of the land is subject to overflow from these creeks. Present use is for a stocker cattle operation and for hunting and fishing. Appellant produced five value witnesses who testified that the existence of the pipeline easement reduced the market value of the remainder of the ranch $100.00 to $125.00 per acre. Reasons for this diminution in value were said to be that the bisecting of the ranch by the easement would affect its marketability, no structures other than fences and no lakes or ponds could be placed upon the easement, the right of inspection given to the appellee would adversely affect the privacy of the owner, lack of control over the use of the easement, and the possible adverse effect upon the use of the land for hunting. Another witness for appellant, Mr. Potter, testified to various ways which he felt the easement had damaged the remainder, but did not place a monetary estimate on the reduction in value. Appellee produced four value witnesses, all of whom expressed the opinion that the remainder of the ranch was not damaged at all by the presence of the easement. Their reasons were that the pipeline was buried, it was far removed from any improvements, there was no suitable place on the easement where one would want to place improvements or a lake or a pond, it could still be used for grazing the same as before, the hunting would be enhanced rather than impaired, and the presence of an underground pipeline at that point would not adversely affect the use or the marketability of the remainder whatever considering the ranch's large size and the nature of the use for which it was adapted and was actually being put.

In condemnation, where the right of the condemnor to acquire a portion of the land is not contested, the condemnee has the burden to prove the value of the portion taken, as well as the damages, if any, to the remainder. *State v. Walker*, 441 S.W.2d 168 (Tex.1969). As to the remainder, both the *fact of injury*, as well as the *amount of damages* resulting therefrom, are questions for the trier of fact when the evidence is conflicting. *Texas Pipeline Co. v. Hunt*, 149 Tex. 33, 228 S.W.2d 151 (1950). The reviewing court is not authorized to overturn those fact findings unless they are not supported by sufficient evidence or are so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant contends that since the easement bisects the ranch and the owner's use of the strip is restricted, there is necessarily some damage to the remainder, and a finding of no damage is therefore against the great weight and preponderance of the evidence. But in determining if the remainder has been damaged, the ultimate question is not whether there has been some interference with the owner's use or enjoyment of the remainder, but whether its *market value* has been diminished as a result of the taking. *State v. Carpenter*, 126 Tex. 604, 89 S.W.2d 194 (1936, opinion adopted); *Wolsch v. State*, 77 S.W.2d 1062 (Tex.Civ.App. Eastland 1934, no writ). See also *Ansley v. Tarrant Cty. Water Con. & Imp. Dist. No. One*, 498 S.W.2d 469 (Tex. Civ.App. Tyler 1973, writ ref'd n. r. e.). The evidence here was sharply conflicting as to whether the presence of the easement caused a diminution in the market value of the remainder of the ranch. Five witnesses testified it did and four testified it did not, and all supported their conclusions with credible reasons. In those circumstances, we cannot say the finding is against the great weight and preponderance of the evidence. To do so in the face of the evidence in this record would be to hold, in effect,

that the taking of a portion of a tract of land diminishes the market value of the remainder as a matter of law, a position our courts have repeatedly refused to take. *Clifco, Inc. v. State*, 450 S.W.2d 157 (Tex. Civ.App. Fort Worth 1970, writ ref'd n. r. e.); *Herfurth v. City of Dallas*, 410 S.W.2d 453 (Tex.Civ.App. Dallas 1966, writ ref'd n. r. e.); *Dyer v. State*, 388 S.W.2d 226 (Tex. Civ.App. El Paso 1965, no writ); *Ingram v. County of Nueces*, 365 S.W.2d 838 (Tex.Civ. App. San Antonio 1963, writ ref'd n. r. e.); *Coastal Transmission Corporation v. Lennox*, 331 S.W.2d 778 (Tex.Civ.App. San Antonio 1960, no writ); *Couch v. Gulf, Colorado & Sante Fe Ry. Co.*, 292 S.W.2d 901 (Tex.Civ.App. Dallas 1956, writ ref'd n. r. e.). The fact that land is separated by an easement does not necessarily mean that its marketability or market value has been adversely affected. It is a matter of proof, and if there is sufficient credible evidence that the value is not affected, the jury is entitled to believe it. *Breithaupt v. State*, 321 S.W.2d 361 (Tex.Civ.App. Waco 1959, writ ref'd n. r. e.). The cases relied upon by appellant are distinguishable. They are personal injury cases where the *fact of injury* was found by the jury or was undisputed, and then there was a finding of no damage. In that situation, the later finding cannot stand, because if there is *injury*, some compensation is due. See, for example, *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App. Beaumont 1972, writ ref'd n. r. e.) and *Lincoln v. McCubbin*, 475 S.W.2d 811 (Tex.Civ.App. Texarkana 1971, no writ). But in the case at bar, the jury finding that the market value of the remainder had not diminished was a finding of *no injury*. Points of Error 1, 2 and 3 are respectfully overruled.

Appellant next urges that the judgment should be reversed because of the reception in evidence of portions of appellee's Statement in Condemnation and expressions by witnesses to the effect that appellant could continue to use his land after the taking essentially the same as before. It is contended that these statements amounted to representations that appellee would not exercise. the full rights it

obtained from the acquisition, and were but expressions of future intentions which are neither binding nor effective to limit damages, and that it was reversible error for the jury to consider them. It is true that representations or promises by the condemnor that it will not exercise its rights to the fullest extent allowed by the taking are not to be received as a limitation of its rights or of the compensation to which the condemnee is entitled. *Creighton v. State*, 366 S.W.2d 840 (Tex.Civ.App. Eastland 1963, writ ref'd n. r. e.); *Perkins v. State*, 150 S.W.2d 157 (Tex.Civ.App. San Antonio 1941, writ dism'd). But it is permissible to introduce evidence of the reasonably foreseeable and probable uses to be made of the land which at the time of taking would be required in accomplishing the purposes for which it was taken, and the jury may consider these facts along with all other facts a prospective purchaser might consider in reaching a conclusion as to whether the market value of the remainder has been reduced. See *City of Pearland v. Alexander*, 483 S.W.2d 244 (Tex.1972). As we view the record, the witnesses were not representing that appellee would be restricted to less rights than its taking afforded, but were merely expressing their opinion as to the use which could normally be expected in a taking of that kind and the effect, if any, which that use would have on the market value of the remainder. In addition, we notice that those portions of the Statement in Condemnation which were read to the jury were introduced by appellant's counsel, and no objection was made to the testimony of the witnesses relating to probable use. Points of Error 4, 5 and 6 are respectfully overruled.

The judgment of the trial court is affirmed.