Jean HOLLOWAY, Individually and as Independent Executrix of the Estate of Sterling Holloway, Deceased, et al, Appellants,

v.

The COUNTY OF MATAGORDA, Texas, Appellee.

No. 13–82–253–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

Mark Z. Levbarg, Levbarg & Miller, Austin, for appellants.

Fred T. Holub, Bay City, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment in a condemnation proceeding. Matagorda County (Matagorda), appellee, condemned the surface rights of four parcels of land situated at the confluence of the Colorado River and the Gulf of Mexico and owned by Jean Holloway, individually and as independent executrix of the Estate of Sterling Holloway, Pat Sterling Holloway, Joan Kay Holloway, and Michael Sterling Holloway, appellants. Upon a verdict on special issues, the court rendered judgment for the appellants in the amount of $13,284.55. This amount represented the award of the jury less the amounts previously deposited into the registry of the court. From this judgment, appellants have perfected this appeal, complaining of the adequacy of the award and certain evidentiary rulings. We affirm.[1]

In their first point of error, appellants complain that the trial court committed reversible error in allowing testimony of four of appellee's witnesses. Appellants argue that the subject matter of the witnesses' testimony had been litigated in a prior suit and therefore the doctrine of collateral estoppel applied and the witnesses should not have been allowed to testify.

The record reflects that Matagorda County had built and maintained a roadway across Parcel IV of appellant's land and that this roadway had been used by the public for access to the Colorado River. On December 2, 1974, in cause no. 21,411, an Agreed Judgment was entered in which Matagorda County and Holloway agreed to the use of the roadway by the public conditioned on the commencement of construction of certain jetties within a period of five (5) years. If the jetties were not begun or contracted for within five (5) years, the judgment provided that issues with respect to claims relating to the use of the roadway could be litigated without prejudice. The judgment also recited that all of the rights of the parties were subject to the recorded Highway easement covering the right-of-way of State Highway 2031 to the water's edge of the Gulf of Mexico. It is undisputed that construction of the jetties was not accomplished.

On March 8, 1982, the trial judge signed an interlocutory judgment holding, among other things, that *Matagorda County* did not own an easement, prescriptive or otherwise, over Parcel IV at the time of condemnation. (Emphasis added.) The interlocutory judgment was incorporated into the final judgment of this cause. Appellants assert that, in light of this, it was error for the trial court to allow testimony of witnesses who testified that they had gained access to the Colorado River for purposes of fishing by use of the appellants' land. Most of the questions which were propounded to the witnesses concerned whether they had fished at the mouth of the Colorado River and whether anyone had ever tried to stop them from fishing there.

We do not agree that the doctrine of collateral estoppel applies in this case. The very wording of the agreed judgment entered in 1974 indicates that claims relating to the roadway could be litigated without prejudice if the jetties were not commenced within five years and also that there existed a right-of-way on Highway 2031 to the water's edge of the Gulf of Mexico. In addition, the interlocutory judgment stated that Matagorda County did not own an easement; however, it would not have precluded anyone else from showing use of the land. Finally, we are not convinced that the use of this testimony, even if it

1. A plat of the property in question is found at the end of this opinion.

was inadmissible, was harmful to appellants. Throughout the trial there was testimony elicited from both sides that the public used Parcel IV to gain access to the Colorado River. Appellants' counsel himself agreed that many people had crossed the land to fish since 1961. In view of this state of the record, where extensive testimony was elicited without objection concerning the use by the public of Parcel IV to gain access to the Colorado River, we hold that the error complained of, if it was error, does not amount to such a denial of the rights of appellants as was reasonably calculated to cause or probably did cause the rendition of an improper judgment. *See* Rule 434, Tex.R.Civ.Pro. Appellants' first point of error is overruled.

In their second point of error, by no evidence and insufficient evidence points, appellants allege that the trial court erred in failing to award damages to them as the result of building a roadway over Parcel IV. Appellants' argument is that Matagorda was unjustly enriched by condemning land that they had damaged. In considering "no evidence" or "insufficient evidence" points of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, No Evidence and Insufficient Evidence Points of Error, 38 Tex.C. Rev. 359 (1961).

 It has been held that the owner of a dominant estate who exercises his right over an easement has a duty to use ordinary care in order to avoid injury to the servient estate. *J.M. Huber Petroleum Co. v. Yake*, 121 S.W.2d 670 (Tex.Civ.App. —Amarillo 1938, no writ). In order for the owner of the servient estate to recover damages stemming from the use of an easement, he must show the easement owner was guilty of willfullness or negligence in the manner in which the easement was used. *Texas Power & Light Co. v. Casey*, 138 S.W.2d 594 (Tex.Civ.App.—Fort Worth

1940, writ dism'd, judgment cor.). The record reflects that the agreed judgment previously referred to gave specific permission to the county to break the dunes in order to provide access to vehicles over the roadway. Even so, there was testimony that other than opening the dune or sand which came right on the roadway itself, no dunes were torn down. Witnesses testified that tide and wind changes shifted the sand and that other than cleaning the sand from the shell roadway itself, no dunes were destroyed. This evidence was contrasted by testimony from a witness who compared photographs of the dune line from 1974 and 1980 and his opinion that the dunes had degraded since 1974. In light of the evidence presented and the standard of review required in reviewing "no evidence" and "insufficient evidence" points, we overrule appellants' second point of error.

 In point of error number three, appellants urge that the jury award with regard to Parcel IV in answer to special issue number one is manifestly inadequate. Appellants base this contention on the basis that the jury award for Parcel I was one dollar per square foot and the jury award as to Parcel IV was two cents per square foot. It is generally held that, in cases of clear abuse concerning the return of either grossly excessive or inadequate awards, appellate courts will intervene in accordance with recognized principles of law. *Rowan & Hope v. Valadez*, 258 S.W.2d 395 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). *See Roth v. Law*, 579 S.W.2d 949 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Testimony presented at the trial reflects that Parcel IV is partly bordered by the Colorado River and that a spoilage easement exists which would include portions of Parcel IV. In addition, there was testimony that the inventory and appraisement value of 1979–1980 showed a substantially lower value than even that which the jury awarded. We hold that the award made by the jury was not manifestly inadequate and overrule appellants' third point of error.

In point of error number four, appellants attack by "no evidence" and "insufficient evidence" points the jury's answer to special issue number two, which concluded that Matagorda County's condemnation of the four parcels of appellants' land caused no damage to the remainder of the land. It has been held that, where only a part of a tract is taken, an owner is entitled to be paid for the value of the part taken plus any dimunition of the value of the remainder of the tract. *See Central Power & Light Co. v. Wedig,* 485 S.W.2d 802 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *City of Lubbock v. Thiel,* 352 S.W.2d 799 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.). The taking of a portion of the land does not diminish the value of the remainder as a matter of law. *Desanders v. Texoma Pipeline Co.,* 538 S.W.2d 663 (Tex.Civ.App.—Texarkana 1976, no writ). In addition, in condemnation cases involving a partial taking of property, the Courts have held "that a jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject inquiry . . . ." *Silberstein v. State,* 522 S.W.2d 562, 564 (Tex.Civ.App.—Austin 1975, no writ). Appellants' argument is premised on the assumption that the remainder of the land after the County's taking will be relegated to residential use only and not commercial. However, it was not conclusively shown that, in fact, the remainder of the land had only residential value. The jury could have believed that the intended use of the remainder of the land as commercial property would be fulfilled and perhaps even enhanced by the County's planned use of the land. At least one witness testified that he believed that no damage would result to the remaining land as a result of the taking. Guided by the test previously discussed, we hold that the jury had the power to blend all of the evidence in reaching its conclusion. We, therefore, overrule appellants' fourth point of error.

In point of error number five, appellants assert that the trial court committed reversible error by excluding the deposition testimony of one of their witnesses. The record does not reflect any rulings by the trial court concerning the admissibility of the testimony of appellants' witness nor does it reflect objections made by counsel on the court's rulings. There were various discussions by counsel for both sides out of the presence of the jury and the Court Reporter commences the transcription after one of the discussions by stating, "(The Following is Offered on Bill of Exceptions.)" This notwithstanding, the record reflects that both appellants and appellee presented witnesses who testified as to the value of the land in question. The appellants' witness in question here testified by his Bill of Exception that he never made an appraisal of the property and that the values he used were estimates and not an appraisal. We do not believe that appellants have shown that they were harmed by the exclusion of the testimony nor has he shown that the exclusion was prejudicial to his substantial interest. *Central Power & Light Co. v. Wedig,* 485 S.W.2d 802 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *Biggers v. State,* 358 S.W.2d 188 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e., 360 S.W.2d 516 (Tex.1962)). Appellants' fifth point of error is overruled.

In a multifarious point of error, appellants allege that the condemnation proceeding was void because the County lacks the authority to condemn land for a Federal Civil Works or Navigation Project and because it cannot meet its duty to control its parks since it only condemned the surface estate of the land. It is clear, with regard to appellants' first allegation, that both the Petition for Condemnation and the award of the Commissioners specifically stated that the County desired to establish a public park on the condemned land. The County has the statutory authority to condemn land for that purpose. Tex.Rev.Civ.Stat. Ann. art. 6081(e), § 1 (Vernon 1978).

To support the second allegation, appellants urge that the condemnation was void because the County took fee simple title subject to a pipeline easement and use

of the mineral estate by the condemnee. Appellants state that this situation will disrupt the management and control of the park to an impractical degree. Appellants cite a 1944 Texas Attorney General Opinion to support their contention. We disagree and hold that the condemnation proceeding has not been rendered void as argued by the appellants. Appellants' sixth point of error is overruled.

In point of error number seven, appellants argue that the condemnation proceeding is voidable because of the failure of the County's posted notice to meet the time and content requirements of the Open Meetings Act. Appellants agree that the notice was posted at least 72 hours preceding the scheduled time of the meeting as required by Tex.Rev.Civ.Stat.Ann. art. 6252–17 § 3A(h) (Vernon Supp.1982). However, since the County Courthouse where the notice was posted was closed on Saturday and Sunday, appellant argues that the effective time of notice was reduced substantially. A similar argument was made and rejected by the Amarillo Court of Civil Appeals when they held that the statute does not require that such notice be accessible to the public at all times during that three day period, nor does the statute exclude Saturday and Sunday from such three day time period. *Lipscomb Independent School District v. County School Trustees of Lipscomb County,* 498 S.W.2d 364 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.). Appellants have presented no evidence that anyone who desired to attend the meeting failed to attend, nor was there any evidence that there was an intent to keep the meeting closed to the public.

Appellants, under the same point of error, allege that the notice was not specific enough in describing the subject matter of the meeting. Appellants urge that the use of the words in the notice "authorizing purchase of land for use as Matagorda County Park" was too general to apprise the public of the meeting. We do not agree with either of appellants' contentions. Point of error number seven is overruled.

In point of error number eight, appellants complain that the property which was actually condemned was never legally described to them and therefore the eminent domain proceeding was void. We do not agree. Attached to both the petition for condemnation and the judgment were the legal descriptions of the properties to be condemned. Both descriptions are identical. Appellants' argument seems to be focused on a discrepancy in Special Issue Number One. Special Issue Number One reads in part:

"From a preponderance of the evidence what do you find was the cash market value of the 8.4526 acre tract of land . . ."

Then each parcel of land is listed with its corresponding acreage which totals 10.4526 acres. We do not find this error to be fatal since the legal description and acreage of each parcel corresponds exactly with the listed amounts in the special issue. In addition, appellants made no complaint of the submission of the issue. Appellants' final point of error is overruled.

The judgment of the trial court is affirmed.

APPENDIX I